ANDREW CARROLL, Respondent, v. LUCIEN EATON,
Appellant.

June 19, 1876.

A special tax-bill issued by the city of St. Louis should show the quantity
and character of the work done, the dimensions of the lot charged with it,
and the basis on which the tax was assessed upon it. A bill which fails to
show the dimensions of the lot charged, and especially its frontage; which
is silent respecting the whole value of the work done, and the relation of
the frontage of the particular lot to that of all the frontages of the lots
chargeable with the whole cost, is not a compliance with the requirements
of the charter, and is not evidence for any purpose.

APPEAL from St. Louis Circuit Court.

*Reversed.*

*L. Eaton,* appellant, *pro se,* cited: St. Louis *v.* Clemens,
43 Mo. 395; Ruggles *v.* Collier, 43 Mo. 353; Sheehan *v.*
Gleason, 46 Mo. 100; Kefferstein *v.* Knox, 56 Mo. 186;
McGrath *v.* Clemens, 49 Mo. 552; Browne on Stat. Fr.,
secs. 511, 518.

*Krum & Madill,* for respondent, cited: Boyce *v.* Christy,
47 Mo. 70; Wyman *v.* Cory, 48 Mo. 346.

GANTT, P. J., delivered the opinion of the court.

Carroll sued Eaton to the June term, 1873, of the St.
Louis Circuit Court, to recover the amount of two tax-bills,
one for $244.62, on account of work done in block 925; the
other for $76.46, on account of work done in block 929.
In each case the work alleged to have been done was the
paving of an alley in the block. It turned out that defend-
ant owned no property in block 925, and the first count of
the petition was abandoned. There was judgment on the
second count, to reverse which the defendant prosecutes this
appeal.

The petition set forth "that the defendant is seized and
possessed of the following described real estate," etc., in
block 929, and that the city of St. Louis, through its City

Council, in pursuance of, etc., ordered, by ordinance 6684, the said alley in said block to be graded and paved, and contracted with plaintiff, by contract 1918, for the doing of the work as specified by ordinance 6962, the materials to be used in, and the manner of constructing the work; that plaintiff, under said contract and ordinances, did and completed the grading and paving of said alley in block 929 aforesaid, and after its completion the city engineer computed the cost thereof, and assessed it as a special tax against the adjoining property, the cost of which said work charged to the premises last aforesaid is $76.46 ; that said officer then made out a certified bill of such assessment against each lot of ground chargeable with the work done in the name of the owner thereof, and, among others, issued and delivered to the plaintiff a certified bill of such assessment against the premises aforesaid, dated July 1, 1871, which bill is herewith filed, etc. ; that a lien is given by law against the premises therein described for the payment of this bill, and that the same is unpaid ; wherefore he prays judgment.    The premises are described in the petition as lying in block 929, and "bounded north by Washington avenue, east by an alley, south by an alley, and west by property of George Partridge."

The answer denied every statement of the second count of the petition except the ownership of the property.    At the trial on November 9, 1874, the first count being "withdrawn" (we presume the petition was dismissed as to the first count of the petition), and the cause being submitted to the court, there was a finding and judgment for the plaintiff in the sum of $114.60.    At the trial the plaintiff put in evidence the tax-bill, the contract 1918, and the ordinances 6684 and 6962.    The defendant objected to the introduction of each document that it was incompetent, irrelevant, immaterial, void, and not proved ; and, as to all except the first, that they were not pertinent to the tax-bill or plead-

ings, and saved exceptions to their admission. The defendant appears to have given no evidence, but asked the court to declare:

1. That the plaintiff could not recover.

2. That ordinance 6684 is void.

3. That, if the work was done under ordinance 6684, read, etc., the plaintiff cannot recover.

4. That the contract read, etc., is void as not being conformed to law and ordinances.

All these the court refused, defendant excepting. The defendant also asked, and the court gave, the following:

1. "That, if defendant had no property in block 929, plaintiff cannot recover on the first count."

2. "That, unless all the work contracted for was completed, plaintiff could not recover."

The plaintiff asked, and the court gave, the following:

1. "If the court finds from the evidence that the special tax-bill No. 3896, for $76.46, read in evidence, is genuine, then said tax-bill, with the city engineer's certificate thereon, is *prima facie* evidence that the work and materials specified in said tax-bills were furnished by the plaintiff, and he is entitled to recover the value thereof stated by the city engineer, in said special tax-bill, with interest on the amount of said bill at the rate of 15 per cent. per annum."

To this defendant excepted, and, after the finding, he moved in arrest of judgment, assigning for cause that the pleadings disclose no cause of action against the defendant, nor the lot of land charged with a lien by the said judgment.

2. "That the pleadings, the record, and the evidence set forth no cause of action."

3. "That the record of pleadings shows nothing which permits a charge on the property described in the second count of the petition."

This being overruled, and also a motion for a new trial, defendant appealed to this court, and he makes the following points:

31

1. Ordinance 6684 is void in that it prescribes neither dimensions nor materials, and ordinance 6962 does not prescribe dimensions, but only the paving with limestone on edge; no dimensions of grading, no width or depth of paving, or size of paving stones, are anywhere prescribed in either ordinance; and no others were before the court.

2. Ordinance 6684 is void for uncertainty in the designation of the alleys intended to be paved and graded.

3. The tax-bill fails to designate the alley on which the work was done.

4. The contract was for grading and paving such alleys as the engineer should direct—no such power can be committed to the engineer.

5. The instruction given for the plaintiff was erroneous.

6. The petition does not aver that the defendant's property was adjoining to, or fronted on, the work done, or that the assessment was according to the frontage.

7. That the claim was barred by the lapse of two years after the issue of the bill and before suit.

1. The date of the bill was July 7, 1871, and the defendant appeared to the action on May 10, 1873. This last point seems to be inadvertently made.

2. Though the amount in controversy is small, the principles involved in this suit are interesting and important. The bills issued for special taxes are, by the Charter of St. Louis, declared to be "*prima facie* evidence that the work and material charged in the bill have been furnished, and of the liability of the persons therein named as the owners of the property." We quote from section 11, Article 8, of the Charter of 1867, in force when this work was contracted for. The language of the Charter of 1870 is rather more full, but of the same legal import (sec. 15, Art. 8, p. 481, Session Act): " Such certified bill shall be, in all cases, *prima facie* evidence that the work and materials in such bill have been furnished, of the execution of the work, the rates or prices, amount thereof, and of the liability of the

person named therein as the owner of the land, charged with such bill, to pay the same." The extreme stringency of these provisions must strike every one, and it may at least be claimed by the person who is charged with the payment of such a bill, and against whom such presumptions are indulged in favor of the allegations of the certified bill, that these last should be at least definite and certain. Recurring to the 11th section of the 8th Article of the Charter of 1867, we find what the certified bill there provided for should show: "Whenever any of the above-mentioned work shall have been fully completed under authority of ordinance, the city engineer, or other officer having charge of the work, shall compute the cost thereof and assess it as a special tax against the adjoining property fronting upon the work done, and each lot of ground shall also be charged, in proportion to the frontage thereof, with the cost of constructing, reconstructing, and repairing the intersections of the next adjoining streets, alleys, or other public highways, in such manner as the said officer shall deem just and equitable."

It could hardly have been intended by the General Assembly, in addition to the enormous powers here conferred upon the city engineer, "or other officer having charge of the work," to exempt him from all accountability and all challenge; to conclude the property owner, and to substitute, without appeal, the will and order of the official for the judgment of one's peers in the determination of a controversy which may involve one's whole estate. To do this would not only be oppressive, but would at least come dangerously near to the limit of legislative power. The truth is, the General Assembly seems to have intended no such thing. The tax-bill is to be prepared in a certain manner, and will be presumed to be correct, leaving to the defendant to show error in its assumptions. But what these assumptions are must appear on the face of the bill, or else no intelligent meaning can be given to the provision

that the law makes a presumption in their favor. We have seen the statute defining the duties of the engineer or other officer. By it he is required to do certain things : First, he is to compute the whole value of the work done ; second, he is to '' assess it as a special tax against the adjoining property fronting upon the work done.'' In what manner is this assessment to be made? According to the value of the property, improvements included? According to the value of the property irrespective of improvements? According to the frontage of each piece of property? The act does not inform us. In respect of '' constructing, reconstructing, and repairing the intersections of the next adjoining streets, alleys, or other public highways,'' the cost is to be laid on each lot '' according to the frontage thereof.'' But, whatever we may conjecture as to the intention of the General Assembly to designate a similar rule of computation in respect of '' streets, alleys, or other public highways,'' we cannot perceive that they have done so, and certainly the property owner has an interest in knowing on what principle the tax-bill is made out. Objections of a fundamental kind may exist to some of the modes of computation suggested as possible. If it be imagined, as is quite consistent with the tax-bill in this case, that the apportionment of the cost of the work — the total of which nowhere appears — to the lot of the defendant, neither the size nor the value of which, improved or unimproved, is shown, was committed to the arbitrary discretion of '' the engineer, or other officer,'' to be made in such manner as such officer '' shall deem just and equitable,'' of course words would be wasted in showing that such a mode could not be upheld for a moment.

Again, the property holder is interested in knowing that the sum he is charged with bears the same relation to the whole value or cost of the work that the frontage or value of his lot bears to the total frontage or total value of all the lots which are to contribute to the general charge. Even if the pretension were made that the particular property owner

was liable to such share of the whole burden as the engineer, or other officer, should deem just and equitable, it would not be unreasonable that the tax-payer should desire to be furnished with a definite expression of opinion on the part of such officer that the quota charged by him against the tax-payer was in fact deemed by him to be "just and equitable."

We are of opinion that a tax-bill certified under section 11 of Article 8 of the Charter of 1867 that fails to show, at least inferentially, the principle on which the charge made in it is assessed, which shows neither the frontage nor the value of the property assessed, and which fails to show, either in terms or by inference, the amount of work for which the party named in it is charged, is not in compliance with that section, and, therefore, does not become *evidence* under its provisions. In the case at bar some of these essentials, at least, are wanting. There is another defect in this case. It nowhere appears in the pleadings or in the evidence in what direction the alley ran on which the paving was supposed to have been done, nor, indeed, whereabouts within block 929 the alley was. Ordinance 6684 authorized the city engineer "to cause the alleys running east and west, and north and south, through city block 929, from Washington avenue to Locust street, *and from that alley to Beaumont street*, and between Jefferson avenue and Beaumont street, to be graded and paved," and contracted therefor accordingly with plaintiff. We think that this statement stops short of compliance with the requirements of any rule of pleading known to the law. It certainly is not a plain and concise statement of the facts constituting the cause of action. It is very far from being plain, and, taken in connection with the very equivocal tax-bill by which it is supposed to be made good, it furnishes an excellent illustration of the mischief of the neglect of precision.

We do not wish to be understood by what precedes as

deciding that it is not possible, even at this date, for the engineer, or other officer, to issue a proper tax-bill for the defendant's share of this work. On this point we express. no opinion.

With the concurrence of all the judges, the judgment is, reversed.