FREDERICK HAEGELE, Respondent, *v.* EMIL MALLINCKRODT, Appellant.

### February 13, 1877.

1. The St. Louis Circuit Court, at general term, upon appeal from special term, may give such judgment as the special term ought to have given.

2. A plat filed in the recorder's office by the owner of the ground, showing the blocks and streets and having a certificate thereto declaring the plat and the allotment of streets as therein laid off to be binding upon the parties filing the plat, and upon their heirs and assigns forever, constitutes a complete dedication of the streets shown in the plat.

3. The provisions contained in Session Acts 1866 (Adj. Sess.), p. 296, and Session Acts 1867, p. 74, do not require that the process by which the engineer reaches the amount of the assessment shall appear upon the face of the special tax bill, but the mode of computation, and every other step leading to the assessment, may be inquired into by the property-owner in his defense against the claim. *Carroll* v. *Eaton*, 2 Mo. App. 479, reviewed.

APPEAL from St. Louis Circuit Court.

*Affirmed.*

*Everett W. Pattison* and *Rudolph Schulenburg*, for appellant, cited: Acts 1869, p. 18; Wag. Stat. 1068, sec. 34; Seibert v. Allen, 53 Mo. 44; Woodward v. Howard, 13 Wis. 557; Myers v. Kendrick, 13 Iowa, 599; Hunter v. Hatch, 45 Ill. 178; Campbell v. May, 31 Ala. 567; McNair v. Biddle, 8 Mo. 267; Miltenberger v. Morrison, 39 Mo. 79; Brink v. Collier, 56 Mo. 160, 169; Gamble v. City of St. Louis, 12 Mo. 617; Kelly v. City of Chicago, 48 Ill. 388; City v. Clemans, 43 Mo. 395; Ruggles v. Collier, 43 Mo. 353; City Chart. 1866, art. 8, sec. 11; Rev. Ord. 1866, p. 325, sec. 4; Carroll v. Eaton, 2 Mo. App. 479.

*Gottschalk*, for respondent, cited: Acts 1869, p. 18; Stropheim v. German, 56 Mo. 106; Carlin v. Cavender, 56 Mo. 289; City, etc., v. Bressler, 56 Mo. 350; Wag. Stat. 1034, secs. 4, 5, p. 1036, secs. 19, 20, p. 1067, secs. 32, 33, 34; Laws Applicable to St. Louis County, 1872, p. 81, sec. 2; City, etc., v. Hardy, 35 Mo. 261; City v. Coons, 37 Mo. 45; Dill. on Mun. Corp., secs. 494, 497, 640, 782, 783; Marcy v. Taylor, 19 Ill. 634; The State v. Hill, 10 Ind. 219; Seibert v. Allen, 53 Mo; *s. c.*, 61 Mo; Moran v. Lindell, 52 Mo; Dill. on Mun. Corp., sec. 543; Acts 1866, p. 295, sec. 9, p. 297, sec. 14; Gamble v. City of St. Louis, 12 Mo. 617; Ang. on Highw., secs. 144, 148; Skrainka v. Allen, 2 Mo. App. 387; McCormack v. Patchin, 53 Mo. 33; LaOster v. Rabenau, 46 Mo. 595; Neenan v. Smith, 60 Mo. 294; City Chart. 1866, p. 297, sec. 14.

LEWIS, P. J., delivered the opinion of the court.

This is a suit upon three special tax bills, all bearing date January 7, 1867, for the macadamizing of Destrehan Street, from First Street to the Mississippi River. Plaintiff obtained a verdict and judgment in the Circuit Court for $1,693.80, the amount claimed.

Defendant presented in various forms, in the trial court, a multitude of reasons why he should not be held liable. We note those upon which he seems chiefly to rely for a reversal.

It is claimed that the Circuit Court in general term committed error in modifying the form of the judgment entered at special term, instead of reversing and remanding. It is conceded that, by statute, the general term might either "reverse or affirm the judgment rendered * * * at special term, or give such judgment as the court at special term ought to have given." But, because the Supreme Court, in a case nearly similar, instead of correcting the judgment, reversed it and remanded the cause, the defendant insists that the general term was bound by this precedent to adopt the same course. We are not aware of any rule to such effect. The alternatives are, by the manifest force of the statute, presented to the discretion of the court in each case. If the ruling of one tribunal upon a discretionary matter must be held binding upon another — because the latter is inferior, or for any other reason — the effect will be to exclude discretionary authority, and to substitute an amenability to fixed rules. No such result can be tolerated.

It is further urged that general term, in modifying the judgment, changed the description of the property against which the lien was adjudged. If such a change should attach the lien to property other than that described in the original judgment, or in the petition, the objection might be serious. But here was a mere completing of an imperfect description, offering no suggestion of a departure from

the property first intended to be described. The presumption is that the amendment was in conformity with the facts proved; and nothing appears to intimate that any party was or could be prejudiced thereby. Our statute of amendments teems with provisions justifying the proceeding.

The court instructed the jury, for plaintiff, as follows:

" That if they believe from the evidence that the public did use the ground whereon the improvements sued for are alleged to have been made by plaintiff, as a public highway or street, with defendant's assent, for a long time prior to the making of said improvement, and that the public accommodation would be materially affected by the interruption of said highway or street, then the jury are authorized to find that said ground was dedicated to public use, and the jury may take into consideration the nature and value of the improvements made on said street by the city of St. Louis, and the extent of the occupation and use by the public, as matters affecting the question of defendant's assent, in case they find there was no express prohibition by defendant."

And for the defendant, as follows:

" The jury will find for the defendant on the first count, unless they are satisfied from the evidence that Destrehan Street was opened and established from Kennett Street to the river, by an ordinance of the city of St. Louis, or by dedication by the owners on either side thereof; and the plat of Bremen as made and laid out by defendant and others in 1845, and which was filed in the recorder's office, is not evidence of the dedication of said street, between said Kennett Street and the river."

The only error discoverable in these instructions is in that given for the defendant, and was against the plaintiff. The plat of Bremen, filed with the record, shows Destrehan Street as continued and distinctly marked out " between said Kennett Street and the river," though the prolongations of the lines do not quite reach the water's edge as delineated.

The plat, duly acknowledged by defendant and recorded, has a marginal certificate, signed and sealed by the defendant, in the following terms:

"The above plat represents a piece of land which has been laid out by us in blocks, under our direction, and we do hereby declare the said plat and allotment of streets as herein laid off, except as reserved, to be binding on us and our heirs and assigns forever. Witness our hands and seals, this 16th day of April, 1845.

"EMIL MALLINCKRODT. [*Seal.*]"

We fail to perceive what element was wanting to make this a complete dedication of the street whereon the work appears to have been done. The defendant asserts that all the ground east of Kennett Street was "reserved" by the proprietors, and therefore not included in the dedication. But the plat does not sustain this assertion. The word "reserved" is printed within the square or block, as marked on either side of Destrehan, between Kennett Street and the river. It appears nowhere but within the boundary-lines of each separate block. By no intelligent reading of the map can it be applied to the street, within whose plainly-marked lines it does not appear. But, aside from this documentary evidence, there was abundant testimony of user by the public, with the defendant's assent, upon which to submit the question of dedication to the jury, under the instruction which was properly given for the plaintiff. *City of Hannibal* v. *Draper*, 15 Mo. 634; *Rose* v. *City of St. Charles*, 49 Mo. 509.

The validity of the special ordinance under which the work was contracted for is not affected by the fact that it "did not provide the height or width of the grading to be done, or the width or depth of the macadamizing." The petition alleges that, by a general ordinance, No. 5399, "the material wherewith, and the manner how, to perform said work was prescribed." This allegation is not controverted in the answer. It shows with sufficient precision a compliance

with the terms of the City Charter, in the combined effect of the two ordinances. *Sheehan* v. *Gleeson*, 46 Mo. 100.

We are referred to the opinion delivered by this court in *Carroll* v. *Eaton*, 2 Mo. App. 479. The reversal of the judgment in that case was proper, because of a fatally defective description of the alley in which the paving was done. But upon careful consideration we are unable to adhere to the general views there expressed upon the requisites of a special tax bill, under the provisions of the City Charter of St. Louis which were alike applicable to that case and to the one now before us. It is directed that " the city engineer, or other officer having charge of the work, shall compute the cost thereof, and assess it as a special tax against the adjoining property fronting on the work done," etc., " in such manner as the said officer shall deem just and equitable. The said officer shall then make out a certified bill of such assessment against each lot of ground chargeable with the work done, in the name of the owner thereof," etc. ;   *   *   *   " and every such certified bill shall, in any action brought to recover the amount thereof, be *prima-facie* evidence that the work and material charged in such bill have been furnished, and of the liability of the persons therein named as the owners of such property." Sess. Acts 1866, Adj.Sess., 296 ; Sess. Acts 1867, p. 74. We do not find in these provisions a requirement that the process of computation by which the engineer reaches the amount of his assessment shall appear upon the face of the bill itself. True, as was said by the very able and learned judge who delivered the opinion referred to, " the property-owner has an interest in knowing on what principle the tax bill is made out. Objections of a fundamental kind may exist to some of the modes of computation suggested as possible." But this interest of the property-owner cannot be fatally prejudiced by the mere omission from the tax bill of the desired information, nor by any objections, fundamental or otherwise, to the mode of computation finally ignored. The tax

bill is only *prima-facie* evidence; which means that it is subject to judicial scrutiny of its antcedents. The mode of computation, and every step leading to the assessment, may be exposed upon demand of the property-owner, in a defense against the claim. The ordinary tax-payer has also an interest in knowing upon what principle and by what mode of computation his property is assessed for revenue purposes. Yet it was never required, and has never been the practice, that the tax-collector's bill should exhibit the computation, or the mode, whereby the amount of the tax is determined. It is equally manifest that the General Assembly never intended to exempt the " city engineer, or other officer having charge of the work," from " all accountability and all challenge; to conclude the property-owner, and to substitute, without appeal, the will and order of the official for the judgment of one's peers, in the determination of a controversy which may involve one's whole estate." But we cannot discern such possibilities in any form of a paper which the law declares to be conclusive of nothing. The passages above copied from the opinion delivered in *Carroll* v. *Eaton* comprehend the force of all the objections urged against the form of the special tax bills in the present case. They are unavailing, in our present view, for a reversal of the judgment.

Some other points are presented for the defendant, but we cannot regard them as demanding serious consideration. Finding no error in the record, we must affirm the judgment. All the judges concur.