SAMUEL CUPPLES, Respondent, *v.* HENRY GALLIGAN
ET AL., Appellants.

### May 21, 1878.

1. A tender, to discharge a mortgage lien, must be a tender of the whole debt secured by the mortgage, and not merely that portion of the debt due at the time of the tender.

2. A deed of trust provided that the principal note should become due upon default of payment of interest. The trustee foreclosed for non-payment of interest. In an action to set the foreclosure aside, the court found that the amount due, and costs, had been tendered before foreclosure, and decreed that on payment, within a specified time, of the interest due and expenses, the foreclosure should be set aside. *Held,* in an action in ejectment by the purchaser at the foreclosure sale, that the decree setting aside the foreclosure was conditional, and, not having been complied with, the finding and decree were no defence; that though the decree estopped the plaintiff in ejectment to deny that the amount actually due at the time of sale, and all costs, had been tendered, yet that tender having been a tender of the amount then due merely because it cured the default caused by non-payment of interest, and having been subsequently withdrawn by neglect to comply with the terms of the decree, the right to redeem is gone, and the conditional decree operates as a confirmation of the foreclosure, and has the same effect as a dismissal of the bill to redeem.

APPEAL from St. Louis Circuit Court.

*Affirmed.*

BELL & HUFF, for appellants : A trustee's sale under a deed of trust passes no title when payment of all sums due under the deed of trust, and interest and costs, are tendered at and prior to the sale. — *Jackson* v. *Crafts*, 18 Johns. 110 ; *Campbell* v. *Macomb*, 4 Johns. Ch. *534 ; *Burnett* v. *Denniston*, 5 Johns. Ch. *35 ; *Edwards* v. *Insurance Co.*, 21 Wend. 367 ; *Kortright* v. *Cady*, 21 N. Y. 343 ; *Arnot* v. *Post*, 6 Hill, 65. A trustee acquires power to sell only upon the happening of a certain event, and a compliance by him with all the conditions imposed in the deed ; and a sale before this passes no title whatever, but is void. — Hill on Mort. 141 ; *Ormsby* v. *Tarascon*, 3 Litt. 404 ; *Smith* v. *Provin*, 4 Allen, 416 ; *Roarty* v. *Mitchell*, 7 Gray, 244 ;

*Stine* v. *Wilkson*, 10 Mo. 75 ; *Power* v. *Kneckhoff*, 41 Mo. 425.

J. M. & C. H. KRUM, for respondent.

BAKEWELL, J., delivered the opinion of the court.

This is an action of ejectment. The answer is a general denial ; and also sets up, as a matter of special defence, that the plaintiff derives title only through foreclosure of a certain deed of trust, and the deed of the trustee made in consequence of such foreclosure, and that in a suit between the parties to this action the foreclosure was set aside and the deed of trust declared null. The answer further alleges that the foreclosure sale was in fact null because all money due was tendered before foreclosure, and the power of the trustee to sell thus taken away.

On the trial, the plaintiff, in support of his title, offered a deed of trust from Andrew J. Whelan and others to one Reilly as trustee, to secure the payment of certain notes, and also a deed of the trustee conveying the property in question to plaintiff as purchaser at the sale foreclosing the deed of trust. Defendant introduced the record of a suit in the Circuit Court of St. Louis County, in which defendant Whelan was plaintiff, and Cupples, the plaintiff in this suit, together with Reilly, the trustee, were defendants. From this record it appeared that the object of that action was to set aside the foreclosure of the deed of trust under which plaintiff in this action derives title, and to annul the deed of the trustee to plaintiff, on the ground that the amount due on the notes, and all costs, were tendered to plaintiff and also to the trustee, before the sale, and were refused. Answers were filed by Cupples and Reilly ; and a decree was rendered in that cause, wherein it is recited that the court finds that at and prior to the date of the sale under the deed of trust the amount due and all costs and expenses were tendered by Whelan to Cupples and Reilly, and refused by them ; and that on payment by

Whelan to Cupples, within thirty days of the decree or of its final affirmance, of certain interest-notes and expenses of sale, the trustee's sale and deed "be and the same is hereby set aside, annulled, and declared void." The decree further provides for the surrender of the notes on payment, and for the cancellation of any credits made by Cupples on the principal note at the date of the sale.

Defendants asked the court to declare that on all the evidence plaintiff was not entitled to recover. This instruction was refused, and there was a finding and judgment for plaintiff; from which defendants appeal.

It is claimed by respondent that the decree of the Circuit Court was conditional, and that, its terms not having been complied with, there is no decree setting aside the decree to Cupples, and that he ought, therefore, to recover upon his legal title. It is contended by appellants that whether the decree of the Circuit Court be absolute or conditional is immaterial; that the fact that all amounts due on the deed of trust, and all costs, were tendered before the sale, was found by the court in a suit between the same parties; that this question is therefore *res adjudicata* between them; and that as tender and refusal are equivalent to performance, in their operation upon the power of the trustee to sell, he could not sell, there being no default, and the equity of redemption did not pass, therefore, from Whelan to Cupples by the pretended sale.

Let it be conceded that the fact that the amount due and all costs was tendered to the *cestui que trust* and to the trustee, or to both, before the sale, and refused, has been litigated by the parties and decided, and that Cupples is estopped to deny it: a tender of the amount due on a mortgage, after breach, does not at common law operate as a discharge. In case of a mortgage, a failure to pay on the day named forfeits the estate, leaving the mortgageor only an equity of redemption, which equity will give effect to by compelling a reconveyance on equi-

table terms. A tender made on the day, and refused, satisfies the condition of the mortgage, and revests the estate as fully as payment does; but it is commonly held that a tender made after default has not this effect. It does generally operate, by force of statutory enactments in many States, to allow of a suit being brought within a fixed time to redeem, and to throw costs upon the mortgagee. That, however, is of course only where the tender was fully sufficient to satisfy the whole claim. Jones on Mort., sects. 891, 1088, and cases cited. And though a tender is a continuous thing, and is pleaded by alleging not only the tender, but *toujours prist*, and so far as the discharge of the debt is concerned, it will not do for one making a tender to offer his money, and, when it is refused, to put it in his pocket, walk off, and refuse compliance with any subsequent demand; and if he does so, he destroys the effect of his tender. Yet it is held by the common-law writers that a good tender of the mortgage-debt before default does forever discharge the land.

In New York, after many contradictory decisions, it seems at last to be held that tender of the amount after the day is a discharge of the lien of a mortgage, in the same way that a tender on the day is the discharge of the lien at common law. And the New York rule is followed in Michigan. Counsel for appellants refer us to the leading cases on this subject in those States; but we do not think that they have been followed in Missouri. And had they been followed here, it would not avail him, because everywhere the tender, to discharge the lien, must be a tender of the whole debt secured by the mortgage, and not merely the portion of the debt due at the time of the tender. And it is not found by the decree in *Whelan* v. *Cupples* that the whole amount secured by the deed of trust was tendered, but only the amount due at the time the tender was offered; in other words, that the default in payment of interest was cured by the tender, and that

therefore the payment of the principal should not have been enforced. And the record in evidence shows the fact to be — and it is an undisputed fact — that the deed of trust in question was one with a provision that if the interest-notes were not paid, the principal should mature; that the interest-notes due were not paid; that the principal note, though not due on its face, was then demanded; and that the amount tendered was only the sum due on the matured interest-notes, together with expenses, and did not include the principal sum. Such a tender could not, of course, discharge the lien. Its utmost effect would be to give the person making it a right to redeem in equity after a sale. In any such proceeding, a dismissal of the bill would have been, in effect, a decree affirming the foreclosure and denying the right to redeem. *Whelan* v. *Reilly*, 61 Mo. 565. A decree that the deed of foreclosure is set aside on payment of the interest-notes and expenses of sale within a time fixed, was a decree affirming the foreclosure and denying the right to redeem unless the money was paid according to the terms of the decree; and unless those terms have been complied with, the decree operates as a foreclosure as fully as a dismissal of the bill could have done.

In the case before us, the trustee sold, the debt secured by the deed of trust being then due, and the whole debt having matured, according to the strict terms of the contract between the parties, by reason of non-payment at maturity of the interest-notes. By that sale, unless such a tender was made as would have the effect in law of a payment of the whole debt secured, and thus avoid the deed of trust by its terms (and it is not pretended, and is not found by the decree in *Whelan* v. *Reilly*, that any such tender of the debt secured was made), the naked legal title passed, at least, that being vested in the trustee. Whether the equity of redemption also passed by that sale to the purchaser, was a question on which a court of equity

might pass, on a case being made, and which was actually submitted by the parties to the Circuit Court in the case whose record is in evidence in the case at bar. The Circuit Court, as we have seen, decreed the right to redeem should not be taken away by that sale, if certain conditions were complied with, and that the deed by the trustee should be set aside if the mortgageor paid the interest-notes due, and certain expenses. It does not appear that these terms were complied with; and it follows that nothing appears against the title which plaintiff made out in the action. That plaintiff is estopped by a decree between the same parties to deny that before the sale the defendant tendered him the amount then actually due, and costs, can avail defendant nothing, on any theory of the law, so long as it does not appear that this amount was the whole unpaid mortgage-debt, and whilst it does appear that defendant, by not complying with the decree, has not only not been ready at all times to make his tender good, but has actually withdrawn it, and refused, when called upon to do so, to pay the amount found to be, and which confessedly was, due.

The judgment of the Circuit Court is affirmed. All the judges concur.