THE CITY of LINNEUS, Plaintiff in Error, v. MATTIE C. LOCKE, Defendant in Error.

### Kansas City Court of Appeals, April 11, 1887.

SPECIAL TAX BILLS—CONSTRUCTION OF SECTION 4942, REVISED STATUTES—CONTENTS OF BILL.—When the statute substitutes the mere certificate of the party in interest, as *presumptive evidence* of the existence of the tax, and the regularity of its due creation, the taxpayer has the right to demand that this *ex-parte* evidence should at least be definite, and show on its face that it was issued by some competent authority, and for some specific purpose. *Held*, that the tax bill in this case (issued under section 4942, Revised Statutes), containing nothing to show that it was predicated on any ordinance for building a sidewalk, or that the tax was imposed for building a sidewalk or anything else—for what purpose, or on what authority, is not even alluded to—can not be recovered upon in this suit.

ERROR to Linn Circuit Court, HON. HENRY LANDER, Special Judge.

*Affirmed.*

The case is stated in the opinion:

E. W. WILCOX, J. B. WILCOX, for the plaintiff in error.

I.   The finding of the court is against the law. Rev. Stat., sect. 4942.

II.   The court erred in sustaining a demurrer to the evidence ; the petition *more than satisfies* the statutory requirements, and the proof filled its full measure ; the certified tax bill made out a *prima facie* case ; the following authorities abundantly support our conclusion : *Stifel v. Dougherty*, 6 Mo. App. 441 ; *Haegele v. Malinckrodt*, 3 Mo. App. 329 ; *Creamer v. Allen*, 3 Mo. App. 545 ; *Wand v. Green*, 7 Mo. App. 82 ; *St. Louis v. Hardy*, 35 Mo. 261 ; *St. Louis v. Clemens*, 36 Mo. 468 ; *St. Louis v. Cook*, 37 Mo. 44 ; *St. Louis v. Armstrong*, 38 Mo. 29 ; *Hunt v. Hopkins*, 66 Mo. 98 ; *Neenan v. Smith*, 60 Mo. 292 ; *Seibert v. Allen*, 61 Mo. 482 ; *Ess v. Bouton*, 64 Mo. 105.

III.   The court erred in finding for the defendant and not for the plaintiff.   Sect. 4942, *supra ; Neenan v. Smith*, 60 Mo. 292 ; *Seibert v. Allen*, 61 Mo. 482 ; *Ess v. Bouton*, 64 Mo. 105 ; *Hunt v. Hopkins*, 66 Mo. 98, *supra.*

IV.   The court erred in refusing to allow plaintiff in error to recall the witness, E. W. Wilcox, and ask him the question : " Are the taxes in suit sidewalk taxes for a sidewalk built in front of the lot described in the certified tax bill read in evidence ? " *Rucker v. Eddings*, 7 Mo. 15 ; *Brown v. Burrus*, 8 Mo. 26 ; *Owen v. Riley*, 20 Mo. 603 ; *State v. Porter*, 26 Mo. 201 ; *Johnston v. Mason*, 27 Mo. 511 ; *Dozier v. Jerman*, 30 Mo. 216 ; *Seibert v. Allen*, 61 Mo. 482 ; *Tierney v. Spiva*, 76 Mo. 279.

H. K. WEST, for the defendant in error.

I.    The certified tax bill, read in evidence, is not such a tax bill as is contemplated by the statute, and is *insufficient* to make out a *prima facie* case. In order to comply with the requirements of the statute, the tax bill must *state such facts* as will constitute a *prima facie* case. Rev. Stat., sect. 4942 ; *Carroll v. Eaton*, 2 Mo. App. 479 ; *Heman v. Green*, 15 Mo. App. 593 ; *Wand v. Green*, 7 Mo. App. 82 ; *Hunt v. Hopkins et al.*, 66 Mo. 98 ; *Myer et al. v. Wright et al.*, 19 Mo. App. 283.

II.    The circuit court *did not err* in refusing to permit plaintiff to recall the witness, E. W. Wilcox, after the case was closed, and ask him the question : "Are the taxes in suit sidewalk taxes for a sidewalk built in front of the lot described in the certified tax bill read in evidence ?" This matter was not inadvertently overlooked by counsel, in the confusion and hurry of the trial, but was omitted because counsel for plaintiff ·regarded the case as already made out. If the evidence had been admitted, it would not have changed the result, and the court would still have been compelled to sustain defendant's demurrer. *Maloy v. Railroad*, 84 Mo. 270 ; *State ex rel. v. Leland et al.*, 82 Mo. 260 ; *Johnson v. Mason et al.*, 27 Mo. 511. This matter is not insisted on by plaintiff in error, and will not be further considered for that reason.

PHILIPS, P. J.—This is an action to recover a special tax, claimed to be owing the plaintiff, a municipal corporation of the fourth class, for the cost of a sidewalk along defendant's property, built by the city.

The petition is in the usual form. The answer, after admitting the corporate existence of plaintiff, and the ownership of the property by defendant, tendered the general issue as to all the other allegations of the petition. To sustain the issues on its part the plaintiff, after

proof that E. W. Wilcox was city clerk, read in evidence the following tax certificate :

"State of Missouri,  }
   "County of Linn,    } ss.

                    "City Collector's Office,
                 "Linneus, Mo., May 20, 1886.
"Mrs. M. C. Locke, to City of Linneus, Dr.

   "Being the amount, as herein set forth, of special taxes, assessed for the year 1886, on the following described property, situated in said city, as the same appears upon the tax books of said city, for said year.

| Town or addition. | Lot | Bl | Value | Sinking fund tax | City rev. t'x | R.R.int. tax | Stre't or sp'c'l t'x | Total tax |
|---|---|---|---|---|---|---|---|---|
| Guitar's addition to town of Linneus | 10 | 13 | | $    cts | $    cts | $    cts | $    cts 18 53 | $ cts 18 53 |

   "I, E. W. Wilcox, clerk of the city of Linneus, Mo., hereby certify that the above is a true copy of the original tax bill in the matter of special taxes due on the above described property.

   "Witness my hand and official seal this May 20, 1886.
   [Seal]          E. W. Wilcox, *City Clerk*."

   Plaintiff here rested. The defendant demurred to the evidence, and the court sustained the demurrer. Thereupon the plaintiff asked to recall the witness, Wilcox, and propound to him the following question : "Are the taxes in suit, sidewalk taxes for a sidewalk built in front of the lot described in the certified tax bill read in evidence ?"

   The court excluded the question, whereupon defendant submitted to a non-suit; and, after an in effectual motion for a new trial, prosecutes this writ of error.

   I. This action is based on section 4942, Revised Statutes, which is as follows :

   "The board of aldermen shall have power, by ordinance, to levy and collect a special tax on the owner or occupier of property, lot or lots, on any street, lane,

avenue or alley within such city, for the purpose of grading, making, paving, guttering, curbing and repairing streets, alleys, avenues, crossings or sidewalks in front of, or along, the same; and if any owner or occupier of such property, lot or lots, shall fail, neglect or refuse to grade, make, curb, gutter, pave or repair such street, alley, avenue, crossing or sidewalk, when required by ordinance, the board of aldermen shall cause the same to be done in the manner and with the material to be designated in such ordinance, at the owner's or occupant's expense, and collect by a special tax bill, which shall be a lien on the property and shall be collected as provided by ordinance; and in any proceeding to collect such special tax bill, the tax bill, or a *copy thereof, certified by the city collector or city clerk, shall be prima facie evidence that the laws and ordinances have, in all respects, been fully complied with, and that the amount specified is justly and legally a lien on the property specified and due by the person against whom the same appears charged in said tax bill*, and in any suit or proceeding to enforce the collection of such special tax bill, it shall only be necessary for the city to charge in the petition that such an amount is due by the defendant to plaintiff for a certain improvement, specifying the same, made by virtue of certain ordinances, giving their titles and dates of adoption only."

While this statute makes the certified tax bill *prima facie* evidence of a due compliance, on the part of the city, with the pre-requisite steps to an imposition of such tax, it must be such a certificate as is contemplated by the statute, and not any paper which the board of aldermen, or the pleader, may choose to designate a tax bill. The rule at common law, which generally is the best exponent of conservative wisdom for the enforcement of obligations and the preservation of property rights, indulged no presumptions in favor of the regularity of tax bills; but required of the party seeking to enforce their collection strict proof of a compliance with

every necessary step leading to the creation and imposition of the tax. *Morton v. Reeds*, 6 Mo. App. 64; *Nelson v. Goebel*, 17 Mo. 161; *Corn v. City of Cameron*, 19 Mo. App. 574.

When the statute substitutes the mere certificate of the party in interest as presumptive evidence of the existence of the tax and the regularity of its due creation, the taxpayer certainly has the right yet left to him, to demand that this *ex parte* evidence should at least be definite, and show on its face that it was issued under some competent authority and for some specific purpose. As said by Gannt, J., in *Carroll v. Eaton* (2 Mo. App. 483): "The tax bill is to be prepared in a certain manner, and will be presumed to be correct, leaving to the defendant to show error in its assumptions. But what these assumptions are, must appear on the face of the bill, or else no intelligent meaning can be given to the provision that the law makes a presumption in their favor." So it was held in that case, that a tax bill, under the charter in question, which failed to disclose the principle on which the charge made was assessed, showing neither the frontage nor the value of the property assessed, and which failed to show the amount of the work, and the like, does not become evidence under the charter making the tax certificate *prima facie* proof. So it was held by that court, in *Heman v. Green* (15 Mo. App. 593), "that no recovery can be had on a tax bill for repairing sidewalks which does not substantially locate the place of repair."

There is nothing whatever on the face of the certificate, in this case, to show that it was predicated of any ordinance for building a sidewalk, or that the tax was imposed for building a sidewalk, or anything else. On the contrary, it recites, that it is a special tax bill for the year 1886 on the lot. For what purpose, or on what authority, is not even alluded to. It is merely recited that it is a special tax, "as the same appears on the tax books of said city for said year."

This rather conveys the idea that it was some such tax as properly pertained to an annual assessment than one arising on a special ordinance for building a sidewalk along defendant's property. It was, on its face, just as applicable to a special tax imposed for any other purpose as the one in question.

Nor do we think the additional fact, sought to be developed by the question propounded by plaintiff to the witness, after the demurrer to the evidence was sustained, helped to make out a *prima facie* case. The inquiry was, merely, whether the tax was "for a sidewalk built in front of the lot" in question? Built by whom, under what authority, and when built? Nothing of the sort appears.

The statute says, the board of aldermen shall "collect by a special tax bill." If it were conceded that the plaintiff could proceed to make collection without the tax bill, it would be remitted to common law rules of making out a case. An ordinance should have been produced directing this improvement, and every essential step preliminary to the tax should have been shown by the plaintiff. It could not, in the manner attempted, by a single indefinite question, eke out an imperfect and incompetent certificate.

The judgment is affirmed.    All concur.