Adkins v. The Chicago, B. & Q. Ry. Co.

JAMES G. ADKINS, Respondent, v. THE CHICAGO, BURLINGTON AND QUINCY RAILROAD COMPANY, Appellant.

Kansas City Court of Appeals, May 20, 1889.

1. **Municipal Corporations:** CHARTER OF KANSAS CITY : SPECIAL TAX BILLS PRIMA FACIE EVIDENCE. The charter of Kansas City makes special tax bills for grading streets and sidewalks, when duly certified by the city engineer, *prima facie* evidence of the validity of the bill, of the doing of the work, etc., and of the liability of the property to the charges as stated in the bill, and they are therefore admissible in evidence.

2. ———: ———: PLEADING : SUFFICIENCY OF PETITION. The petition and the requirements of the charter are examined and the former found to contain all the requisite averments.

3. ———: ———: DEMURRER TO THE EVIDENCE. The tax bills introduced made a *prima facie* case, and a demurrer to the evidence was properly overruled.

4. ———: ———: WIDTH OF SIDEWALK : SPECIAL AND GENERAL ORDINANCE. The fact that there is no special ordinance, establishing the width of the sidewalk on the street where the work was done, will not defeat an action on the tax bills issued for such work, when there was in force at the time a general ordinance establishing the width of sidewalks in all streets except where specifically otherwise provided.

5. ———: ———: PETITIONERS FOR GRADING STREET; FINDING OF COUNCIL CONCLUSIVE. The objection, that there was no evidence to show that the work charged for was petitioned for by a majority in front feet of the resident property owners, is overcome by the *prima facie* evidence of the tax bills, and conclusively so, by the finding and declaration of the common council in the ordinance ordering the work done.

6. ———: ———: OPENING OF GENESEE STREET. The defendant is in this action estopped to question the legality of the opening and extension of Genesee street by reason of former litigation.

*Appeal from the Jackson Circuit Court.*—HON. J. H. SLOVER, Judge.

AFFIRMED.

Statement of the case by the court.

This is a suit on special tax bills, brought by the plaintiff as assignee of the contractor. The petition is in four counts, all substantially alike, and each founded upon a different tax bill, issued for grading Genesee street, in Kansas City, from Twelfth street to the southern city limits—the first and second are for grading the sidewalks and the third and fourth for grading the roadway.

The petition alleges that an ordinance was passed ordering the work to be done; that the city engineer let the contract in accordance with the charter and ordinance to Frank Crowley, the work to be paid for in special tax bills; that the work was done in accordance therewith; that after the completion of the work the city engineer computed and apportioned its cost among the lots and parcels of property to be charged therewith, and charged each lot or parcel with its proper share of such cost, "according to the frontage thereof" (in case of grading the sidewalks), and "according to the values thereof, fixed by the city assessor, as provided by law" (in the case of grading the roadway), and made out, certified and delivered to said contractor special tax bills therefor; that the bills sued on attached to the petition are some of those. The petition also describes the property to be charged in each particular case; states that it is within the limits of the property liable to be assessed; gives the total cost of the work, the amount of each bill, and the proportion which it bears to the whole cost; states of what the work consisted; that the bills bear fifteen per cent.; the assignment of the bills to the plaintiff by the contractor, for value; and that the defendant owns the ground.

The answer was a general denial.

On the trial the plaintiff proved the assignment of the tax bills to him, and put them in evidence; introduced the ordinance authorizing the work; showed that

the defendant owned the property charged ; proved the signature of W. B. Knight, who signed the tax bills as city engineer, and that he was city engineer at the time.

The plaintiff then rested, and the defendant demurred to the evidence, which demurrer was over-ruled.

The defendant then showed that there had been no special ordinance passed to fix the width of the side-walks on Genesee street * * *. The plaintiff also offered in rebuttal a general ordinance of the city, as follows : " The width of every sidewalk, including the top of the curb, unless otherwise specially provided, shall be one-fifth of the entire width of the street or avenue of which it is a part, and on each side of every street and avenue a sidewalk of that width is hereby established."

This was all of the evidence.

The defendant asked a number of instructions which were refused, and the court made the following finding :

"The court, sitting as a jury, finds from the evidence that the City of Kansas, in grading a part of Genesee street, as per ordinance of said city numbered 22091, and issuing tax bills sued on herein in payment therefor, as stated in the petition herein, substantially complied with the law, charter, and ordinance of said city, and that the *prima facie* case made by said tax bills has not been changed or overturned, and that the plaintiff is the legal holder of such tax bills and as such entitled to recover herein upon the several counts of the petition."

And judgment was entered accordingly, from which judgment this appeal is taken.

*Strong & Mosman,* for the appellant.

(1) Defendant's objection to the admission of the special tax bills in evidence should have been sustained

Adkins v. The Chicago, B. & Q. Ry. Co.

(a) In all special and summary proceedings, had in execution of a statutory power, the record must show the existence of all the facts necessary to the exercise of such power, and such power can be exercised only in the manner and under the circumstances prescribed in the creative act. *Stewart v. Clinton,* 79 Mo. 610 ; *Roland v. Gallatin,* 75 Mo. 134 ; *Saxton v. Beach,* 50 Mo. 488 ; *Louisiana v. Miller,* 66 Mo. 467 ; *Rumsey v. Schell City,* 21 Mo. App., 175 ; *St. Louis v. Frank,* 78 Mo. 41 ; *St. Louis v. Gleason,* 89 Mo. 67 ; *Starr v. Burlington,* 45 Ia. 87 ; *City of Kansas v. Swope,* 79 Mo. 446 ; *Leach v. Cargill,* 60 Mo. 316. (b) It is universally held, that a public officer, acting in the execution of a statutory power, must, in order to render his acts, as such, operative, show affirmatively that he has complied with the law. *Guffey v. O'Reiley,* 88 Mo. 424 ; *Morton v. Reed,* 6 Mo. 77 ; *Large v. Fisher,* 49 Mo. 307 ; *Abbott v. Dowling,* 49 Mo. 304 ; *Haley v. Ramsey,* 49 Mo. 309 ; *State v. Mantz,* 62 Mo. 262. (c) This affirmative showing on the part of the officer must be a statement, in detail, of the facts, showing how, when, and where, and the precise manner, and the way, in which he proceeded to the execution of his statutory power. *Spurlock v. Allen,* 49 Mo. 180 ; *Morton v. Reed,* 6 Mo. 77 ; *Large v. Fisher,* 49 Mo. 307 ; *Moore v. Harris,* 91 Mo. 620. The provisions of the charter of Kansas City, declaring what shall be the effect or character of evidence, that the certified tax bill of the engineer shall have, "does not, in any manner, alter the rule of law, that there must be necessary recitals showing that the officer has complied with the law." *Kiley v. Oppenheimer,* 55 Mo. 376. (d) It was only where "the prior conditions had been complied with," and an appropriate special tax bill had been made which contained the necessary recital, that it becomes *prima facie* evidence. *City of Linneus v. Lock,* 22 Mo. App. 411 ; *Carroll v. Eaton,* 2 Mo. App. 483 ; *Einstein v. Gay,* 45 Mo. 63 ; *Guffey v. O'Reiley,* 88 Mo. 424 ; *Morton v. Reed,* 6 Mo. 77. (e)

The special tax bills shown in evidence are radically defective, in that they are a statement of the conclusions of the officer, instead of the facts in the case. (2) The petition fails to state facts sufficient to constitute a cause of action. (*a*) Plaintiff did not choose to avail himself of the most extraordinary provisions in relation to code pleading, contained in the charter. He does not attempt, in his petition, to give the contents of the tax bills. There is not a solitary fact mentioned in the petition which is averred to be contained in the special tax bills. It is impossible to tell from the petition what the tax bill contains. Plaintiff chose to state his cause of action in accordance with the ordinary rules which obtain in relation to code pleadings, irrespective of the provisions of the charter. (*b*) In order to state a cause of action, the petition must, by appropriate averments, show a compliance with every requirement and condition which the law has made essential to the exercise of the power. *First.* By the city charter, the council had no power to pass any ordinance, directing the doing of work upon a public street, unless the same was petitioned for by a majority of the real-estate owners in front feet on said street. *Second.* By the city charter, the engineer had no power to apportion the cost of grading a street until after the city council had, by ordinance, directed an assessment of the value of all the property to be charged with the cost of doing such work. (3) The demurrer, asked by the defendant at the close of the evidence, should have been given. (*a*) There was positive evidence that the city council had never, in obedience to the commands of the city charter, determined the width of the sidewalks on Genesee street. *Prior v. Scott*, 87 Mo. 309. (*b*) Said demurrer should be sustained, because no attempt was made to show that the work had been petitioned for by a majority of the owners of real estate, in front feet, on the street as the statute required. This was jurisdictional. *City of St. Louis*

*v. Gleason,* 93 Mo. 33 ; *City of St. Louis v. Frank,* 78 Mo. 42 ; *City of St. Louis v. Rankin,* 9 S. W. Rep. 915. Where the legislature confers powers to be exercised in certain contingencies these contingences must happen or the power can not be exercised. *State ex rel. v. Railroad,* 87 Mo. 238-9. The petition contained no averment in respect to either of these matters. It therefore failed to state a cause of action. *St. Louis v. Rankin,* 9 S. W. Rep. 915 (Mo. case) ; *St. Louis v. Frank,* 78 Mo. 42; *St. Louis v. Gleason,* 93 Mo. 33 ; *Denison Case,* 95 Mo. 427, A lien upon the property of the citizen can only be imposed by complying with the procedure laid down in the charter. *Kiley v. Oppenheimer, supra; Leslie v. St. Louis,* 47 Mo. 477 ; *Spurlock v. Daugherty,* 81 Mo. 181. The law and proceedings being summary must be strictly pursued. *Morton v. Reed,* 6 Mo. 74 ; *Ruby v. Huntsman,* 32 Mo. 502. No one but the council could determine the width of the walk. *Brown v. Harris,* 52 Mo. 306. There was no finding, made by the council in the ordinance, directing the grading of this street, that it had been petitioned for by the majority of the owners in front feet of the real estate on the street. *Pierce v. Tittsworth,* 87 Mo. 640 ; *Guffey v. O'Reiley,* 88 Mo. 424. It was not competent for the legislature to make the finding of the council conclusive evidence of any fact material to plaintiff's recovery. *Abbott v. Lindenbower,* 42 Mo. 169. (4) Unless the mayor's court had jurisdiction of the defendants in the condemnation proceedings, the city acquired no right to the strip composing Genesee street, and no recovery can be had in this proceeding. The city's right to hold said strip for public use is the very foundation of this action. It was put in issue by the general denial. *Seibert v. Allen,* 61 Mo. 486 ; *Ewart v. Davis,* 76 Mo. 129 ; *Hagerte v. Malenckrodt,* 3 Mo. App. 335 ; *Campbell v. Railroad,* 62 Mo. 585 ; *Cunningham Case,* 61 Mo. 36. The return of the officer is a part of the

record, of equal dignity with any other, and may be used to aid or to impeach the jurisdictional recital in the record proper. Wells on Jurisdiction, secs. 82-87. Freem. Judg., secs. 24, 25 and 132; *Hewitt v. Weatherby*, 57 Mo. 276; *Raley v. Guinn*, 76 Mo. 263; *Cloud v. Pierce City*, 86 Mo. 367; *Crow v. Meyerseick*, 88 Mo. 411; *Blodgett v. Schaefer*, 94 Mo. 671; *Hemmer v. Wolfe*, 11 N. E. Rep. 885 (Ill. case); *Burnett v. McCluey*, 78 Mo. 689; *Brown v. Williams*, 39 Mich. 755; *Town v. Tabor*, 34 Mich. 262; *Palmer v. Cowdrey*, 2 Colo. 1; *Clayton v. Clayton*, 4 Colo. 401; *Kidd v. Dougherty*, 26 N. W. Rep. 510; *Marks v. Hardy*, 86 Mo. 238; *Morton v. Reed*, 6 Mo. 74.

*E. G. Taylor*, for the respondent.

(1) The petition states all facts necessary to be proven, and complies fully with the requirements of the charter. Laws of 1875, p. 252, sec. 4; *City of Kansas v. Johnson*, 78 Mo. 661; *Stewart v. City of Clinton*, 79 Mo. 603; Bliss Code Pl., secs. 175-6. (2) The tax bills were properly certified as required by the charter, and were properly received in evidence. Laws of 1875, p. 251, sec 3; *Stifel v. Dougherty*, 6 Mo. App. 441; *Waud v. Green*, 7 Mo. App. 82. (3) The tax bills made a *prima facie* case for the plaintiff; they imply all the facts necessary to make a valid charge against the property described in them; shift the burden of proof to the defendant, and the defendant to overthrow this case must show by affirmative proof a failure to comply with the law in some substantial particular; mere irregularities or omissions, if shown, are not sufficient. *Ewart v. Davis*, 76 Mo. 129; *Abbott v. Lindenbower*, 42 Mo. 162; *Raley v. Guinn*, 76 Mo. 263; *State ex rel. v. Rau*, 93 Mo. 126; *Ess v. Bouton*, 64 Mo. 105; *Seibert v. Tiffany*, 8 Mo. App. 33; *Lorenz v. Armstrong*, 10 Mo. App. 584; *Hagerte v. Malenckrodt*, 3 Mo. App. 329; *Seibert v. Allen*, 61 Mo. 482. (4) It would have been

error to sustain a demurrer to the evidence. *Lorenz v. Armstrong*, 10 Mo. App. 584; *Ess v. Bouton*, 64 Mo. 105. (5) In the absence of fraud, the statement in the ordinance that the work has been petitioned for, and the petition published as required by law, is conclusive. *Denison v. City of Kansas*, 95 Mo. 416; *Abbott v. Lindenbower*, 42 Mo. 162; Laws of 1875, p. 254, sec. 8. (6) The tax bills are *prima facie* evidence that the ground was a public street. *Seibert v. Allen*, 61 Mo. 482. Besides the supreme court has held that this very street was properly opened. *State ex rel. v. City of Kansas*, 89 Mo. 34 (p. 38). (7) Width of sidewalks was determined by the general ordinance of the city. See ordinance, page 59, of defendant's brief. Laws, 1875, p. 254, sec. 7.

GILL J.—The right to recover on these tax bills, sued on, is based on the provisions of article 8 of the Kansas City charter. Acts 1875, p. 250, *et seq.*

Section 1 empowers the common council to have graded any street at the expense of abutting property, provided the same is petitioned for by the resident owners of the majority in front feet on such street, etc.

Section 2 provides for the apportioning of the cost of such work, that of the sidewalk to be charged to the property according to its frontage on the particular sidewalk so graded, while the grading of the roadway is to "be charged as a special tax on all the property on both sides of such street or part thereof graded, within the following limits, namely :

"In case any of the land fronting on the street * * * be laid off into lots and blocks, the property so laid off * * * back to the center line of the block, or blocks, shall be so charged whether fronting on the street or not," but the council may prescribe such limits simply to the alley or alleys in such blocks, and in case such property shall not be laid off into lots or blocks, then the limit of charge is fixed at one hundred and fifty feet back from such graded street.

Such property thus liable to be taxed is charged proportionately to its assessed value, as fixed by the city assessor, excluding therefrom all improvements.

Section 3 directs the assessment which shall be furnished by the city assessor to the city engineer, and when the grading is completed the duty is imposed on this officer to "compute the cost thereof, and apportion such cost among the several lots or parcels of property to be charged therewith * * *, and charge each lot, or parcel of property with its proper share of such cost" according to such assessed value in case of grading the roadway, and according to the frontage for cost of grading sidewalk. It is then further imposed on the city engineer, after so apportioning and charging the cost of the work, to make out and certify special tax bills, according to such apportionment, in favor of the contractor, each tax bill to contain a description of the lot or parcel of land, thus by it charged, sufficiently full and correct to identify the same. These tax bills, when so issued, are made a lien on the property thus charged, and in case of a suit thereon such "certified bill shall be *prima facie* evidence of *the validity of the bill, of the doing of the work, and of the furnishing of the materials charged for, and of the liability of the property to the charge stated in the bill.*"

I. The first and principal matter complained of by the defendant is, that the circuit court erred in admitting the tax bills, sued on, in evidence.

There is no merit whatever in this contention. These tax bills are properly certified, and contain all that is necessary. And being so certified are made by the law "*prima facie* evidence of the *validity* of the bill, of the doing of the work, etc., and of the *liability* of the property to the charge stated in the bill." The numerous cases cited by defendant's counsel under this head are scarcely applicable to this case.

The following authorities are more controlling and sustain the ruling of the trial court: *Waud v. Green*, 7

Mo. App. 82; *Stifel v. Dougherty*, 6 Mo. App. 441; *St. Louis to the use of Lohman v. Coons*, 37 Mo. 44; *Seibert v. Allen*, 61 Mo. 482–486; *Neenan v. Smith*, 50 Mo. 292–294; *Ess v. Bouton*, 64. Mo. 105; *City of Linneus v. Locke*, 25 Mo. App. 407.

II. The further objection made, to-wit, that the petition did not state facts sufficient to constitute a cause of action, is equally groundless. The charter, referring to the institution of the suit on such tax bills, provides: "It shall be sufficient for the plaintiff to plead the making and issue of the tax bills sued on, giving the date and contents thereof, and assignment thereof in case of assignment, filing the same, and allege that the party, or parties, made defendants, own, or claim to own, the land charged, or some estate or interest therein, as the case may be." The counts of this petition conform, in every substantial detail, to the requirements of the statute. Although not indicated by quotation marks, or containing words admitting the contents of the tax bills to be as recited in the petition, yet the allegations are almost a literal copy of such tax bills.

III. So too the demurrer to the evidence, interposed by the defendant, was properly overruled. The tax bills, duly certified and introduced, made a *prima facie* case for the plaintiff. The burden then was imposed on the defendant to disprove the case made, or submit to a judgment against it. See authorities cited *supra*.

(1) It is true, as contended by defendant's counsel, that the city council was by law, in duty bound, to determine by ordinance that portion of the streets which should be considered the sidewalk, and it appears that as to Genesee street, where this grading was done, there was no such ordinance passed. There was then existing, however, at the opening of such street the general ordinance providing, in effect, that where not otherwise directed, the sidewalk on each street or avenue should be in width, on each side thereof, the one-fifth of the

entire street, and such ordinance applied not only to streets then existing, but as well to all streets thereafter to be opened, except where specifically otherwise provided.

(2) Defendant's further contention is, that there was no evidence to show that the work charged for was petitioned for by a majority in front feet of the resident property owners, as the charter requires. As already stated the tax bills are *prima facie* evidence of this fact. Besides the common council, in the ordinance to grade Genesee street, found that fact in these words, to-wit: "And the said common council finds and declares that said work has been petitioned for, and the petition published," etc.

This finding and declaration by the common council is made conclusive for all purposes. The defendant can not, therefore, dispute such fact, City Charter, Acts, 1875, sec. 8, p. 254; *Denison v. City of Kansas*, 95 Mo. 430.

(3) There can be no longer any doubt, or question raised by this defendant, as to the legality of the proceedings to open and extend Genesee street. *State ex rel. C. B. & Q. R. R. v. City of Kansas*, 89 Mo., p. 34.

We have examined and considered every point urged for a reversal of this cause, and have here discussed all that we think deserves notice in an opinion. We detect no error, and therefore affirm the judgment of the circuit court.

The other judges concur