————o————

GEORGE P. DALE, BY HIS NEXT FRIEND, SOPHIA N. DALE, Respondent, vs. THE ST. LOUIS, KANSAS CITY & NORTHERN RAILWAY COMPANY, Appellant.

1. *Damages—Railroads—Negligence—Reasonable care.*—In action by a fireman employed by a railroad company, for injuries resulting from an unsafe railroad track, if plaintiff was exercising at the time ordinary care, and had no knowledge of the unsafe condition of the track, and the company knew of the condition of the road, or might have known thereof by the exercise of reasonable care and diligence, plaintiff would be entitled to recover.

2. *Damages—Defective machinery—Equal opportunities—Waiver of defects.*—In actions for injuries resulting to a servant from defective machinery or appliances, the real question is, whether the servant has had equal opportunities with his employer for observing the defective machinery or materials, and intends to waive any objection to them.

3. *Damages—Railroads—Injuries to fireman—Defective track—Opportunity for examination of—Contributory negligence—Jury—Non-suit.*—Plaintiff was fireman upon a railroad, and it appeared that about a month prior to the accident he had been passing twice a day over the section of the road where it occurred, and had observed that the track was rough, and the rails short; and it appeared that his apprehensions had been aroused by these circumstances. He made no particular inspection of the track, nor any report of the supposed defects, and there was no evidence that he was aware of the particular defect, viz: a defective joint of the rails, which caused the overturning of the locomotive:

| | |
|---|---|
| 63 | 455 |
| 43a | 56 |
| 43a | 67 |
| 63 | 455 |
| 46a | 170 |
| 63 | 455 |
| 109 | 220 |
| 63 | 455 |
| 117 | 487 |
| 63 | 455 |
| 123 | 246 |
| 63 | 455 |
| 127 | 690 |
| 63 | 455 |
| 166 | 464 |
| 63 | 455 |
| 168 | 8314 |
| 93a | 3163 |
| 63 | 455 |
| 95a | 8 24 |
| 95a | 119 |
| 95a | 8223 |

Dale v. The St. L., K. C. & N. Rly. Co.

*Held*, that as he had no opportunity for special examination, and the company had, and as it was the business of the latter to look after its track and see to its repair, he properly confided in defendant that it would discharge that duty; that, under such state of facts, his continuance in the service was not a consent to the risk of a defective track; that on the question of negligence the case was one for the jury, under the proper instructions, and a non-suit was rightly refused.

*Appeal from St. Louis Circuit Court.*

*Blodgett & Woodson*, for Appellant.

I. If plaintiff "well knew of the condition of the defendant's railroad track, and of the character and hazards of the service in which he was engaged," he cannot recover. (Sherm. & Redf. Negl., 119, 120, § 94, and notes; Devitt vs. Pac. R. R., 50 Mo. 302, and authorities cited.)

II. The second instruction given plaintiff by the court should have been refused. It should not have been given, because it was not supported by the evidence, and was therefore calculated to mislead, and was not a fair presentation of the case upon the evidence.

III. The evidence shows that the injuries of plaintiff can be better attributed to the recklessness and carelessness of the plaintiff's fellow servant, Chapin, the engineer, than to a failure of the defendant "to provide a proper and safe railroad track."

IV. Counsel referred in argument to: Ill. Cent. R. R. Co. vs. Welch, 52 Ill. 183; McKean vs. C. & R. I. Rl'y, 40 Ill. 218; City of Decatur vs. Fisher, 53 Ill. 407; Walker vs. Martin, 52 Ill. 347; Walker vs. Martin, 43 Ill. 508; C. B. & Q. R. R. Co. vs. Parks, 18 Ill. 460; C. &. N. W. Rl'y Co. vs. Fillmore, 57 Ill. 267; Lockwood vs. Onion, 56 Ill. 506; Diblin vs. Murphy, 3 Sandf. 19; Hunt vs. C. & N. W. Rl'y Co., 26 Ia. 363; Duray vs. C. & N. W. Rl'y Co., 31 Ia. 375; U. P. Rl'y vs. Hand, 7 Kas. 380; Tansey vs. N. J. & B. Co., 5 Lansing [N. Y.], 507; Richards vs. Sanford, 2 E. D. Smith [N. Y.], 349; Collins vs. A. & S. Rl'y Co., 12 Barb. 492; Murray vs. H. R. R. R. Co., 47 Barb. 196; Ford vs. Ward, 26 Ark. 360; R. R. vs. Statham, 42 Miss. 607; Belknap vs. R. R., 49 N. H. 359;

Gleason vs. In. of Bremen, 50 Me. 222 ; Jacobs vs. Bangor, 16 Me. 191.)

*Leverett Bell*, for Respondent.

I. As between a railroad company and its servants, the law imposes on the former the duty of providing suitable machinery and appliances.   (Gibson vs. Pac. R. R., 46 Mo. 169.)

"The plaintiff is not bound to prove more than enough to raise a fair presumption of negligence on the part of the defendant, and of resulting injury to himself.   Having done this he is entitled to recover, unless the defendant produces evidence sufficient to rebut the presumption."    *    *    *    *    *    "If the facts proved make it probable that the defendant violated his duty, it is for the jury to decide whether he did so or not.   To hold otherwise would be to deny the value of circumstantial evidence."   (Shearm. & Redf. Negl. § 12.)

The master is liable as to defects unknown to the servant, of which the master may not have been cognizant, but which it was his duty to have searched for, and remedied.   (Whart. Negl., § 211.)

"The burden of proof is on the employee to show both the negligence of the employer, and his own care.   But he is not bound to do more than raise a reasonable presumption of negligence on the part of the defendant."   (Whart. Negl. § 428.)   This is also the law of Massachusetts, New York, Vermont, Ohio, Illinois and Iowa.   (Gillman vs. Eastern R. R. 10 Allen, 233 ; 13 Allen, 433 ; Coombs vs. Cordage Co., 102 Mass. 596 ; Huddleston vs. Lowell Machine Shop, 106 Mass. 282 ; Ford vs. Fitchburg R. R. Co., 110 Mass. 255 ; Ryan vs. Fowler, 24 N. Y. 410 ; Wright vs. N. Y. C. R. R., 25 N. Y. 566 ; Brickner vs. N. Y. C. R. R., 2 Lansing, 506 ; 49 N. Y. 672 ; Lanning vs. N. Y. C. R. R., 49 N. Y. 521 ; Noyes vs. Smith, 28 Vt. 59, 61 ; McGatrick vs. Woson, 4 Ohio St. 575 ; C. & A. R. R. vs. Shannon, 43 Ill. 345 ; Chicago & C. R. R. vs. Swett, 45 Ill. 203 ; C. & N. R. R. vs. Jackson, 55 Ill. 496 ; T. & W. R. R. vs. Conroy, 61 Ill. 163 ; C. & A. R. R. vs. Sullivan, 63 Ill. 295 ; C. & N. W. R.

R. vs. Taylor, publ. in vol. 6, Chicago Legal News, p. 86 ; Greenleaf vs. Ill. Cent. R. R., 29 Iowa, 46.)

II. Authorities are numerous to the point, that in this action knowledge on the part of the plaintiff of the defect complained of, is not of itself, in point of law, an answer to the action. It is an element to be taken into consideration in determining whether plaintiff has been guilty of negligence by continuing in defendant's service with knowledge of the danger, but it is nothing more ; under such proof the question must be submitted to the jury. (Clarke vs. Holmes, 7 Hurls. and Norm. 937, 944, 945, 949 ; Hoey vs. D. & B. R. W. Co., 5 Ir. R. C. L. 206 ; Lanning vs. N. Y. Cent. R. R., 49 N. Y. 536; Huddeston vs. Lowell Machine Shop, 106 Mass. 286.)

NAPTON, Judge, delivered the opinion of the court.

This action was brought by a fireman of an engine on the St. Louis, K. C. & N. R. R., to recover damages for an injury to him by reason of the failure of the defendant to provide a safe railroad track upon which to run the engine and train. The defense was that the plaintiff knew the condition of the track upon which he worked, and continued to work on it, knowing its condition, and therefore the damage was the result of his own negligence. Upon the conclusion of the plaintiff's evidence at the trial, the defendant asked an instruction in the nature of a demurrer to the evidence, which was refused ; and the court instructed the jury that " if the jury find from the evidence in this case that plaintiff received the injuries complained of by reason of the unsafe condition of defendant's railroad track, and the defendant knew of the condition of its railroad track, or might have known thereof by the exercise of reasonable care and diligence, they are instructed that defendant is liable to plaintiff for any injuries he has received in consequence of the condition of the track after it was known, or ought to have been known by defendant, if they further believe that plaintiff was exercising ordinary care and prudence at the time he received the injuries, and did not know of the unsafe condition of said railroad track, and

that the same was not due to the carelessness of any fellow-servant of the plaintiff."

The cases of Gibson vs. Pac. R. R. Co., 46 Mo. 167 ; Devitt vs. Mo. Pa. R. R., 50 Mo. 305 ; Cummings vs. Collins, 61 Mo. 522, are sufficient to explain the views of this court in regard to the points of law assumed in this instruction and any extended review of the matter here, is deemed unnecessary. It is obvious that the instruction which is copied almost literally from the opinion in Gibson vs. Pac. R. R., would not have been prejudicial to the defendant

The main point, however, of objection here, is that the court on the conclusion of plaintiff's evidence, did not so instruct the jury as to require a non-suit, and this is based upon the assumption that the evidence showed that the plaintiff had been for two years and upwards in the employment of the defendant, and four months previous to the accident, had been passing twice a day over the section of road where the accident happened, and therefore had ample opportunities of knowing the defects in the road-bed.

It is observed in the work of Shearman & Redfield on Negligence, in regard to this rule concerning an assumption of risk by a servant who knows the insecurity of the machinery he is employed to work on, that the rule is only applicable to such defects as the servant ought reasonably to have foreseen might endanger his safety, and the mere continuance of a servant in his work is not in all cases conclusive evidence of his having waived objections to defects in the materials or machinery intrusted to him. (Shearm. Redf. Neg., §§ 95, 96.) The servant has a right to presume on the master's compliance with the obligations implied by the contract between them, and the real question in reference to a particular case is, whether the servant has had equal opportunities with his employer to observe the defects in the machinery or materials, and having such opportunities, intends to waive any objection to them. The proof in the present case was, that the plaintiff was a fireman, and in passing over the section of road on which the accident ultimately occurred, had observed that it was a rough part of the track, that the rails were short, and inferred that it was a bad track from the bumping of the cars in

passing over it. No particular inspection of the track was ever made by him nor any report of its supposed deficiencies. It was not his business. Nor does it appear that he was aware of the particular defect which resulted in overturning the locomotive. The defendant, of course, had in its employment persons whose business it was to examine the track and see to its repairs, and it was their neglect if it was not kept in proper condition. It would be a harsh conclusion to say that the plaintiff, who was merely a fireman, would be required to abandon his employment upon a merely speculative apprehension that the defendant had not seen and would not see that the road over which their locomotive and cars passed was properly and safely constructed. The immediate cause of the accident was a defective joint of the rails, of which he could have known nothing as a fireman passing over the road, and which the defendant might have known by the exercise of proper diligence.

This was, however, a matter for the jury. There was, obviously, no ground to authorize the court to infer from the evidence that the plaintiff was consenting to the risk of a defective track. He was aware that it was rough from the jolting of the cars when they passed over it, but he had no opportunity of inspecting it, particularly, which the defendant had, and therefore confided in the defendant's exercise of their appropriate duties. The verdict in this case on the first trial was set aside on account of the damages being in the opinion of the court, excessive. A second verdict was for the same amount which the court refused to set aside, and any interference by this court would be a usurpation of the province of the jury. (Goetz vs. Ambs, 27 Mo. 34.)

Judgment affirmed; the other judges concur, except Judge Wagner who was absent.