WALDHIER v. THE HANNIBAL & ST. JOSEPH RAILROAD COMPANY, *Appellant*.

1. **Master and Servant**: DEFECTIVE MACHINERY: NEGLIGENCE. Knowledge of the danger arising from defective machinery, as well as the existence of the defect, is necessary to bar a recovery by an employe suing a master for injuries resulting from the latter's negligence in furnishing him with such machinery. This rule, however, does not apply where the defect is so glaring and obvious, that a simple knowledge of the defects would imply a knowledge of the dangers arising therefrom.

2. —— : —— : ——. Plaintiff was a switchman in the service of the defendant, a railway company, and was injured while attempting to make a coupling of cars, by reason of his foot being caught in a defective frog in the track. The frog was a solid casting with a steel point set in, and it had a steel plate on top, fastened with three rivets. At the time of the accident the steel point was loose and the plate was broken at the middle rivet, so that it had

| | |
|---|---|
| 87 | 37 |
| 97 | 666 |
| 32a | 370 |
| 87 | 37 |
| 103 | 67 |
| 103 | 183 |
| 87 | 37 |
| 52a | 653 |
| 87 | 37 |
| 115 | 125 |
| 87 | 37 |
| 56a | 676 |
| 87 | 37 |
| 121 | 234 |
| 123 | 241 |
| 123 | 254 |
| 87 | 37 |
| e166 | 444 |
| 87 | 37 |
| 174 | b494 |
| 87 | 37 |
| 177 | 6492 |

Waldhier v. The Hannibal & St. Joseph Railway Co.

worked around, outside and over the rail. The train was moving slowly, and the plaintiff, while walking along it, and attempting to make the coupling, struck his foot against the broken plate, causing him to stumble and his foot to slip in at the broken point of the frog, and was held in this position until run over by the car. Plaintiff testified that he knew the point of the frog was and had been broken loose, and out of repair, for a week before the accident, but that he did not know the plate was broken until his foot struck it, and that he then, for the first time, saw its condition. *Held*, that the court did not err in instructing the jury that, although the plaintiff may have known that the point of the frog was broken, yet such knowledge would not bar recovery on his part if he did not know that the plate was broken, and would not have been injured but for the broken plate, provided, a person of ordinary care and prudence would have worked about the frog with a broken point.

3. **Proximate Cause.** The fact of the plate being out of repair, having caused the plaintiff to stumble, the defective plate must be regarded as the proximate cause of the injury.

4. **Defective Machinery**: INSPECTION, WHEN NOT DUTY OF SERVANT While a servant must take notice of defects which he discovers, and of which he has information, and of such as are obvious to the senses, yet the defect in the frog, being in a department of the work with which plaintiff had nothing to do, by way of inspection or repair, it was not his duty to enter upon an inquiry as to the condition of the whole frog, although he may have known its point was loose.

5. **Personal Injury** : MEASURE OF DAMAGES. In actions for personal injuries the amount of damages must be left largely to the reasonable discretion of the jury. It, however, is not at liberty to give any sum it pleases.

6. ——— : ———. The judgment in this case affirmed, subject to a *remittitur*, which fixed the sum recovered at twenty thousand dollars, it appearing from the evidence that plaintiff, when injured, was able to earn a livelihood, at least, and that he lost the lower extremities of both his legs in the prime of life.

*Appeal from Jackson Circuit Court.*—HON. T. A. GILL, Judge.

AFFIRMED.

*G. W. Easley* for appellant.

(1) The demurrer to the evidence should have been sustained. *Waldhier v. Ry.*, 71 Mo. 514 ; 2 Thompson on Neg. 1008. (2) The first instruction given for plaintiff changed the issue of the track being permitted to remain out of repair, as made in the petition, to that of negligence in its construction. Such a change of issue was erroneous. *Buffington v. Ry.*, 64 Mo. 246 ; *Waldhier v. Ry.*, 71 Mo. 514 ; *Price v. Ry.*, 72 Mo. 414 ; *Edens v. Ry.*, 72 Mo. 212 ; *Bullene v. Smith*, 73 Mo. 151 ; *Ely v. Ry.*, 77 Mo. 34. (3) The second and third instructions, given on behalf of the defendant, are erroneous in this, that they permit the plaintiff to recover, notwithstanding his knowledge of the defect, unless, as it is expressed in the second instruction, the plaintiff knew "the increased dangers arising from such defects," or, as it is expressed in the third instruction, unless the plaintiff knew the condition of said frog, "and the increased danger on account of such defects." Such qualifications have never been applied in any such case as that at bar. Wood on M. & S. 721 ; McDougal on Torts & Neg., 52–53 ; Smith on Neg. 159 ; *Chicago, etc., Ry. v. Ward*, 61 Ill. 130 ; *Chicago, etc., Ry. v. Munroe*, 85 Ill. 25 ; *Crutchfield v. Ry.*, 78 N. C. 300 ; *Leclaire v. Ry.*, 20 Minn. 9 ; *Umback v. Ry.*, 83 Ind. 191 ; *Way v. Ry.*, 40 Ia. 341. (4) The fourth instruction given for defendant is wrong, in that it told the jury that knowledge of the broken frog did not bar recovery, if the plaintiff did not know that the plate was also broken. By this it was immaterial what was the proximate cause of the injury. The instruction is also wrong in that it confounds the defence of contributory negligence with the waiver of a right of action for damages arising from a defect by reason of knowledge of the defect. *Louisville, etc., Ry. v. Orr*, 84 Ind. 53 ; Smith on Neg. 149 ; Shear. &

Waldhier v. The Hannibal & St. Joseph Railway Co.

Redf. on Neg., sec. 96; *Haysler v. Owens*, 61 Mo. 274; *Johnson v. Lowe*, 72 Mo. 639; *Callahan v. Warne*, 40 Mo. 136; *Wells v. Ry.*, 56 Ia. 520. (5) The fifth instruction given for plaintiff defines no measure of damages, but directs the jury broadly to "assess his damages at such sum as you may believe he is entitled to," not to exceed fifty thousand dollars. Plaintiff was entitled to compensation only for his injuries. 1 Suth. on Dam. 17; Field on Dam. 24; Sedg. on Dam., chap. 26; Wood's Wayne on Dam. 735. (6) The court erred in refusing defendant's instruction numbered one, as asked, and in adding the words "at the point which occasioned the injury" at the end of paragraph three of the instructions. As asked, the instructions covered the precise ground the books say must be shown to entitle the plaintiff to recover. Wood's M. & S., sec. 414; 4 Wait's Ac. & Def. 418. The addition made by the court to the third paragraph submitted to the jury the question of what was the proximate cause of the injury, which was a question of law. *Henry v. Ry.*, 76 Mo. 288. (7) Plaintiff's fourth instruction should have been given. The means the servant may have of knowing a defect in machinery, etc., is evidence of knowledge. *Muldowney v. Ry.*, 8 Am. R. R. 493; *Porter v. Ry.*, 71 Mo. 66; *Reed v. Gannon*, 50 N. Y. 349; *Maupin v. Emmons*, 47 Mo. 306. (8) The damages are excessive, and the motion for a new trial should have been sustained on this ground. *Chicago Ry. v. Fillmore*, 57 Ill. 265; *U. P. Ry. v. Hand*, 1 A. R. R. 558; 1 Rorer on R. R. 735; 1 Sutherland on Dam. 810; *Chicago, etc., Ry. v. Jackson*, 1 Am. R. R. 575; *Rose v. Ry.*, 9 A. R. R. 18; 1 Lacey's Ry. Dig. 171; 2 Lacey's Ry. Dig. 246; *L. & N. Ry. v. Fox*, 14 A. R. R. 374.

*C. O. Tichenor* for respondent.

(1) The duty of keeping machinery in repair for

the protection and safety of employes is the same in kind as the duty of furnishing a safe and proper machine in the first instance. *Fuller v. Jewett*, 80 N. Y. 53; *Ford v. Fitchburg Ry.*, 110 Mass. 240; *Flynn v. Ry.*, 78 Mo. 203. (2) By the instructions the jury was told that if plaintiff knew of the defect which caused the injury, he could not recover; that if there was another defect which was not the cause, then the knowledge of it by him would not be a bar to a recovery. The instructions on this point went too far for defendant: First, because there was no evidence that plaintiff knew of the defect which caused the injury; and, second, because knowledge of a defect which causes an injury, does not necessarily bar a recovery. *Ford v. F. Ry.*, 110 Mass. 261; *Booth v. B. & O. Ry.*, 73 N. Y. 30; *Mehan v. The S. B. & N. Y. Ry.*, Ib. 585, and cases cited; *H. & G. N. Ry. v. Randall*, 50 Tex. 554; *Boyce v. Fitzpatrick*, 80 Ind. 526; *Ry. v. Fort*, 17 Wall. 557; *King v. O. & M. Ry.*, 11 Biss. 368; *Wedgwood v. The C. & N. Ry.*, 44 Wis. 44; *Muldowney v. Ill. Cent. Ry.*, 36 Ia. 471; *Flynn v. K. C., St. J. & C. B. Ry.*, 78 Mo. 204, and other opinions of this court cited in opinion; *Porter v. H. & St. J. Ry.*, 71 Mo. 66. Plaintiff's instruction (No. 4) on this subject was more favorable for defendant than the one given at its own instance (No. 3), for it was qualified by the following: "And providing a person of ordinary care and prudence would have worked about said frog with a broken point." (3) There was no evidence of any negligence by plaintiff while cutting off the car at the time he was hurt. He was acting under orders, doing his work carefully, and in the way it should have been done. It has never been pretended that plaintiff was guilty of any contributory negligence, unless the claim that plaintiff had a knowledge of the defect is such a pretense, and it was denied by the answer that there was any defect. Plaintiff's instructions numbers one, two and three were copied after those approved in

*Porter v. Railway*, and number five is approved in *Whalen v. Railway*, 60 Mo. 320, and again in the *Porter case*. The first instruction asked by defendant was modified by the court to make it correspond with number three, asked by it and given. *Crutchfield v. Ry.*, 64 Mo. 255; *Capital Bk. v Armstrong*, 62 Mo. 59. (4) The damages are not excessive. As to the amount of damages: It has been over twelve years since plaintiff was hurt. Had he have been entitled to only eight thousand dollars at the time, at the usual interest, it would be equal to about the amount he asks. *Belair v. The C. & N. W. Ry.*, 43 Ia. 676; *Berger v. C. M. & St. P. Ry.*, 50 Wis. 427; *H. G. & N. Ry. v. Randall*, 50 Tex. *supra.*

*Edwin Silver* also for respondent.

(1) The appellant's objections are not well taken to the concluding clause of plaintiff's instruction number two as follows: "And the increased dangers arising from such defects." Substantially the same instruction was approved by this court in *Flynn v. Ry.*, 78 Mo. 195. Mr. Wood, in his work on Master & Servant, section 376, says: "*But not only the defects, but the danger must be known to him (the servant).*" (2) Plaintiff's instruction (No. 3), correctly declared the law. (3) Plaintiff's fourth instruction, on the matter of damages, was proper. *Whalen v. Ry.*, 60 Mo. 325. (4) Defendant's objection to the instruction given by the court of its own motion, is not well taken. It was in the exact form as asked by defendant, except the addition of the words: "At the point which occasioned the injury." This addition was a proper one, and besides it conformed the instruction to the remainder of it, and also to number three, given for defendant. Nor is the instruction objectionable as submitting to the jury to determine, as a question of fact, the proximate cause of the accident, for on appellant's own statement the proximate cause

was not an unquestioned fact. *Henry v. Ry.*, 76 Mo. 293. Mere general knowledge of defects on the part of a brakeman is not sufficient to bar a recovery ; he must have had knowledge of the particular defect causing the injury. *Porter v. Ry.*, 71 Mo. 80. (5) The doctrine of imputed knowledge of defects, as urged by appellant, does not apply in this case for a number of reasons : (*a*) The evidence does not show that the defect in the frog, which caused the injury, was an obvious one at all; and certainly does not show that it was sufficiently obvious to bring it within the rule sought to be invoked. *Keegan v. Kavanaugh*, 62 Mo. 232 ; *Conroy v. Vulcan Iron Works*, 62 Mo. 39 ; *Stoddard v. Ry.*, 65 Mo. 520. (*b*) The actual knowledge, even of the plaintiff, of the defect in the plate was not sufficient, under the circumstances, to charge him with contributory negligence, as the act of coupling, in which he was engaged, required his whole attention and thought. *Plank v. Ry.*, 60 N. Y. 607 ; *Greenleaf v. Ry.*, 27 Ib.; Wharton on Neg., sec. 219. (*c*) The instructions asked by defendant, as to obvious defects, really imposed on plaintiff the duty of inspection, which the law does not require. (*d*) They also infringe on the rule that defendant is not guilty of contributory negligence so as to bar a recovery, "where the servant incurs the risk of machinery which, though dangerous, is not so much so as to threaten immediate injury, or where it is reasonable to suppose that it may be used with great caution and skill." *Stoddard v. Ry.*, 65 Mo. 521 ; *Snow v. Ry.*, 8 Allen, 441 ; *Patterson v. Ry.*, 76 Pa. St. 393. (6) The verdict was not excessive. *Harrold v. Ry.*, 24 Hun, 184 ; *Schultz v. Ry.*, 46 N. Y. Sup. Ct. 212 ; *Shaw v. Ry.*, 8 Gray, 45 ; *Whipple v. Co.*, 2 Story's Rep. 670 ; 2 Sedgwick on Damages (7 Ed.) 653.

BLACK, J.—This suit was begun in 1874, because of personal injuries received by the plaintiff in 1872. On

the first trial he had judgment for eight thousand dollars, which was reversed on defendant's appeal (71 Mo. 514). The pleadings were amended, and on the second trial there was a verdict and judgment for plaintiff for twenty-five thousand dollars, from which defendant again appealed.

The plaintiff, seventeen years of age at the time of the accident, was in the employ of the defendant as a day switchman at its yards in Kansas City. While thus engaged he was run over by a freight train, his right foot and left leg were crushed so that both had to be amputated. The cause of the injury is attributed to a defective frog, which was a solid casting with a steel point set in it, and it had a steel plate on top fastened with three rivets. At the time of the accident the steel point was loose; the steel plate was broken at the middle rivet, so that the plate had worked around outside and over the rail. The plaintiff, by direction of his superior, was engaged in cutting up a train of freight cars. He had cut off one car, and went in to uncouple the second, but was unable to pull the pin from its socket. He stepped out, got a stick, and then went back between the cars. He did not get upon the brake beam because the brake hanger was broken. The train was moving slowly, so as to produce a slack. While walking along with the train, and at the same time pounding out the pin, his foot struck against the broken plate, causing him to stumble and his foot to slip in at the broken point of the frog. In this position he was held until run over.

The plaintiff testified that he knew the point of the frog was, and had been broken loose, and out of repair, for a week before the accident, but that he did not know the plate was broken until his foot struck it; that he then saw, for the first time, the plate was broken. Defendant read, from plaintiff's testimony, as preserved in the bill of exceptions, taken on the first trial, extracts

which were to the effect that he had known of both the broken point and broken plate for a week before the accident. Plaintiff says he did not make that statement on the first trial, and in addition read in evidence other portions of the same bill of exceptions, which report him as having then testified the same as on the last trial. Evidence was also offered to the effect that defendant, by its agents, knew of the defective frog for a week before the plaintiff was hurt.

1. The first instruction, given on the prayer of plaintiff, was designed to be, and was, but a general declaration of the undisputed duty of defendant to use reasonable care in the construction of its track to protect the lives of its employes. It is true it speaks of construction, when the specific complaint is want of repair, but this does not give to it a semblance of submitting an issue not made by the pleadings.

2. Under the instructions given on the part of plaintiff, the jurors must have found that the injuries received did not arise from the ordinary risks incident to the business in which he was engaged, that he was at the time in the line of his duty, and was without fault; that the track was not reasonably safe for the conduct of defendant's business thereon, because of the defective frog, and that it might have been made safe by the use of ordinary care; that defendant knew of the defect, and neglected to repair the same; and that the injury was occasioned by the defective plate, and not the loose point. Thus far the instructions are in accord with the plainest principles of law. Those for the plaintiff placed a right to recover upon the facts before stated, "unless," as stated in one, "the plaintiff knew of its (the) defects and dangers, and the increased dangers arising from such defects;" or, as stated in the other, the plaintiff "did not know of the condition of said frog, and the increased exposure to danger on account of such defects." The complaint is that these instruc-

tions permit plaintiff to recover, unless he had both knowledge of the defect and knowledge of the increased dangers arising therefrom.

Two of the instructions given at the request of defendant, are as explicit as language could make them, and are to the effect that, although the frog was defective, and not reasonably safe, yet if plaintiff "knew of the defective condition of that part of the frog which actually caused the injury," he could not recover. Taken as a whole, the instructions for plaintiff are scarcely susceptible of the construction placed upon them by defendant, for where instructions are given by the court, at the request of one side, the others, those for the defendant, are understood as presenting the matters of defence with precision. But we do not place the disposition of this question on that ground. Mr. Wood, in his law of Master and Servant, section 376, lays emphasis upon the statement that not only the defect, but the danger, must be known to the servant. Cases will arise where the defect is so glaring and obvious that simple knowledge of the defect ought to be regarded as sufficient proof of knowledge of the dangers arising therefrom, but this case is not one of them. It is not claimed here that the steel plate, prior to the accident, had been out of its place, or around across the rail. The most that can be contended for is that it was broken at the middle rivet, to the knowledge of the plaintiff. It was also being used daily and hourly with the knowledge of the yard master, and was not so glaring and obvious a defect, in that condition alone, as to make it conclusive evidence that it was necessarily dangerous. The jurors appear to have found that plaintiff was without fault. There was no error in these instructions prejudicial to defendant.

3. The third clause of the defendant's first instruction, as asked, made it the duty of plaintiff to show that he " did not know, before the injury, that said frog

was broken or defective," to which the court added "at the point which occasioned the injury." Those added words were necessary to make the instruction conform to the real issues, and to the third instruction given at the instance of defendant.

4. Further complaint is made of the fourth instruction. By it the court, in substance, told the jury that, although the plaintiff may have known that the point of the frog was broken, yet such knowledge would not bar a recovery if he did not know the plate was broken, and would not have been injured but for the broken plate, provided a person of ordinary care and prudence would have worked about the frog with a broken point. The objection made to this instruction ignores all distinction between a broken and defective point of the frog, and a broken frog. It might well be that plaintiff could not recover for an injury caused by the defective point, because of his complete knowledge of its condition, and this is conceded by the instructions, and yet be entitled to recover for an injury, the proximate cause of which was the broken plate. There can be no doubt in this case but the defective plate was the direct cause of the injury. It may be that if the point had not been loose, plaintiff's foot would not have been held; or, if the hanger of the brake beam had been sound, he would have stepped upon the beam, and thus have avoided the injury. However all this may be, it was the plate out of place which caused him to stumble, and the defective plate must be regarded as the proximate cause of the injury. It may also be true that an examination of the frog would have led to a knowledge of the defective plate, and of its dangerous and unsafe condition. The servant must take notice of those defects which he discovers, and of which he has information, and of such as are obvious to his senses. All the circumstances may be put in evidence for the purpose of showing the extent of his information, for they are often

as satisfactory evidence of notice to the triers of the fact as direct and positive evidence would be. It was not the duty of the plaintiff to enter upon an inquiry as to the condition of the whole frog, though he may have known the point was loose. Defendant had its servants whose duty it was to look after such matters, and the plaintiff had a right to assume that defendant would perform its duty in this behalf until the contrary appeared to him. *Porter v. Ry.*, 60 Mo. 160 ; *Dale v. Ry.*, 63 Mo. 455; *Porter v. Ry.*, 71 Mo. 66. That we may not be misunderstood in what is above said, it will be kept in mind that the defect existed in a department of the work with which the servant had nothing to do by way of inspection or repair. In such cases the master and the servant do not stand upon the same footing.

The latter part of the defendant's fourth instruction refused, practically made it the duty of the servant when he found one defect in the frog which rendered it unsafe, to examine and decide for himself as to its entire condition, and that he "should be held to know each and every fact in regard to said frog, which such examination would have made known to him." This, we must rule, is not the law. Such a rule would at once hold for naught the other well-settled principle that it is the duty of the master to use all reasonable care to provide safe instrumentalities for the performance of the work by the employes.

5.   The fifth instruction, which relates to the measure of damages, is not carefully worded. The latter part does not say that in estimating the damages the jurors should take into consideration the nature and extent of the plaintiff's injuries, and the pain and suffering occasioned thereby. While the instruction does not, in express terms, confine the compensation to such matters, still we think that is its fair interpretation, and in view of the facts of this case, it could have been scarcely understood in any other way. It is a mat-

ter of much difficulty, in such cases as this, to tell when the verdict is or is not excessive. It is a fair inference, from the evidence, that plaintiff was able to earn a livelihood, at least. He has lost the lower extremities of both legs in the prime of life. The amount of the damages must be left largely to the reasonable discretion of the jury. They may not, however, give any amount they please. As the plaintiff has offered to remit five thousand dollars, and accrued interest to this date, we are of the opinion that a third trial should not be awarded on the ground of excessive damages. Appellant comes here to get this deduction, and the costs of this appeal will be taxed to the respondent.

The *remittitur* will be entered, and the judgment affirmed. The other judges concur.