HAWES v. KANSAS CITY STOCK-YARDS COMPANY, *Appellant.*

DIVISION ONE.

1.	**Personal Injuries**: ELEMENTS OF DAMAGES: QUESTION OF LAW. It is the province of the court to determine the proper elements of damages in a suit for personal injuries.

2.	——: COMPENSATION: QUESTION FOR JURY. The ascertainment of the sum to be awarded as a compensation for the injuries is a question for the jury.

3.	——: DAMAGES: INSTRUCTION. An instruction as to the amount of damages to be awarded for personal injuries is erroneous which without designating the proper elements of damages merely tells the jury that in the event of a verdict for the plaintiff they will find in such sum as will compensate him for his injuries.

*Appeal from Jackson Circuit Court.*—HON. J. H. SLOVER, Judge.

REVERSED AND REMANDED.

THE instruction referred to in the opinion reads as follows:

"1.	Although the jury should believe from the testimony that the plaintiff had knowledge of the dangerous and vicious character of the horse in question, yet if the defendant's managers also knew of it and after plaintiff had mounted the horse said managers or any one of them, whipped or caused the horse to be whipped and thereby rendered it more dangerous and unmanageable, and if, by reason thereof, the plaintiff, without fault on his part and while in the exercise of ordinary care, was thrown from the horse and injured, then they should find for the plaintiff in such sum as they believe will compensate him for his injuries so received, not exceeding the sum of $20,000, and by ordinary care is

meant such care as a person of ordinary prudence would exercise under the same or similar circumstances."

As defendant's counsel, neither in brief nor argument in this court, have made the point that the evidence at the trial did not justify the submission of the case to the jury, it is not thought necessary to make any fuller statement of the facts than appears in the opinion of the court.

*Pratt, Ferry & Hagerman* for appellant.

(1) The true rule for the appellate court to invoke is this: Where error has intervened in the trial of a case, a presumption of prejudice arises, and unless respondent can show from the record that no prejudice resulted, there must be a reversal. *Clark v. Fairley*, 30 Mo. App. 335; *Deery v. Cray*, 5 Wall. 807; *Smiths v. Shoemaker*, 17 Wall. 630; *Railroad v. O'Brien*, 119 U. S. 99; *Gilmer v. Higley*, 110 U. S. 47; *Potter v. Railroad*, 46 Iowa, 399; *Stafford v. Oskaloosa*, 57 Iowa, 748; *Reynolds v. Keokuk*, 34 N. W. Rep. (Iowa) 167; *Gillett v. Corum*, 5 Kan. 608; *Hall v. Jenness*, 6 Kan. 356; Thompson on Charging the Jury, sec. 130, and cases cited. (2) If an erroneous instruction as to damages has been given there must be a reversal, because the court cannot tell whether the jury has been affected thereby or not. *Duke v. Railroad*, 99 Mo. 347, and cases cited; *Gill v. Railroad*, 37 Hun, 107; *Reed v. Railroad*, 57 Iowa, 23; *Hirshberg v. Strauss*, 64 Cal. 272; *Amer v. Longstreet*, 10 Pa. St. 145. See also cases cited in next subdivision of this brief. (3) The first and second instructions given for plaintiff, as to the measure of damages, are erroneous. *First.* They gave the jury no idea as to what elements were to be considered, which was a question of law. The authorities are abundant that just such instructions are erroneous. 2 Shearman & Redfield on Neg. [4 Ed.] 740; 3 Suth. Dam. 731; Sedg. Meas. Dam. [6 Ed.] 768; Wells on

Questions of Law and Fact, 430, sec. 507; Patterson's Railway Accident Law, 468; *Ross v. Machine Co.*, 24 Mo. App. 353; *Flynt v. Railroad*, 38 Mo. App. 94; *Haysler v. Owen*, 61 Mo. 270; *Stewart v. Clinton*, 79 Mo. 603; *Stephens v. Railroad*, 96 Mo. 207, 215. *Second.* No claim was made in the petition for a wilful or malicious act, and there could be no recovery on that theory when the petition was founded on defendant's negligence. *Gregory v. Railroad*, 14 N. E. Rep. 228; *Railroad v. Bryan*, 107 Ind. 51; s. c., 7 N. E. Rep. 807; *Railroad v. Overton*, 20 N. E. Rep. 147; *Hays v. Railroad*, 8 S. W. Rep. 491. *Third.* And there can be no recovery of exemplary damages unless the act was done wilfully and maliciously. Negligence, however gross, is not sufficient. *Welsh v. Stewart*, 31 Mo. App. 376; *Railroad v. Arms*, 91 U. S. 489. *Fourth.* In any event exemplary damages are never awarded unless the petition states a cause of action therefor. *Welsh v. Stewart*, 31 Mo. App. 376; *Zeliff v. Jennings*, 61 Tex. 458. *Fifth.* It being established that exemplary damages were not recoverable, the instructions as to damages are vulnerable in authorizing an assessment therefor. Such is the view taken of like instructions elsewhere. *Wheeling v. Wilson*, 19 W. Va. 323; *Delphi v. Lowery*, 74 Ind. 527; *Wilson v. Granby*, 47 Conn. 69; *Keighlinger v. Egan*, 65 Ill. 235; *Railroad v. Vandever*, 36 Penn. St. 298. *Sixth.* There was no proof of the value of the doctor's bill or expenses incurred. The law is, such expenses are not recoverable without such proof. *Duke v. Railroad*, 99 Mo. 347, and cases cited. The instructions given in this case on the subject of damages authorized the jury to make a guess on that subject. *Stephens v. Railroad*, 96 Mo. 207, 215. *Seventh.* The law is that loss of time, past and prospective, is recoverable. 3 Suth. Dam. 207, 215. But there can be no recovery therefor without proof upon which to base a value. *Staal v. Railroad*, 107 N. Y. 625; s. c., 13 N. E. Rep. 624; *Winter v. Railroad*, 74

Iowa, 448; s. c., 38 N. W. Rep. 154. *Eighth.* In this case there was proof as to what was earned before the injury, so that, as far as loss in this respect in the past was concerned, there can be no complaint, but the length of time in the future for which such assessment is to be made depends upon an introduction of the mortality tables. *Sellars v. Foster*, 42 N. W. Rep. ( Neb.) 907 ; *Chase v. Railroad*, 39 N. W. Rep. ( Iowa ) 196 ; *Worden v. Railroad*, 41 N. W. Rep. ( Iowa ) 26 ; *Powell v. Railroad*, 3 S. E. Rep. ( Georgia ) 757 ; *Whelan v. Railroad*, 38 Fed. Rep. 15, cases cited in 2 Lacy's Railroad Digest, 404. *Ninth.* The mortality tables were not offered. The instructions as to damages authorize a consideration of such future loss of time regardless of the probability of life. In this there was error, and under the authority of *Stephens v. Railroad*, 96 Mo. 207, it had its effect. *Tenth.* The instructions complained of left to the jury, so far as damages were concerned, the right to assess according to its belief, regardless of evidence, thus distinguishing this element of the cause from the right of recovery, which was to be based upon a belief from the evidence. *Ewing v. Runkle*, 20 Ill. 449 ; *Ins. Co. v. Mann*, 4 Brad. ( Ill.) 485 ; *Solomon v. Webster*, 4 Col. 353 ; *Ingalls v. Plimpton*, 10 Col. 535 ; *Matney v. Grain Co.*, 19 Mo. App. 107. In view of all the circumstances this error might have had its effect. *Stephens v. Railroad*, 96 Mo. 207, 215. ( 4 ) The plaintiff's first instruction assumes that the horse from which plaintiff was thrown was vicious, dangerous and unmanageable. It is error to assume facts if the evidence thereof is of a dubious character or if there is the least conflict in the evidence. *Barr v. Armstrong*, 56 Mo. 577, 588 ; Thompson on Charging the Jury, sec. 47. ( 5 ) The first instruction given for plaintiff ignored the question of negligence. *First.* The charge in the petition was negligence. On such a charge there can be no recovery for a wilful act, and in this case there is no evidence to authorize a submission

of a wilful act. *Second.* To ignore such issue and to say in effect that the act of whipping the horse was negligence *per se* is erroneous under all the authorities. Shearman & Redfield on Neg. [ 4 Ed.] secs. 53–54 ; *Meyer v. Railroad,* 40 Mo. 151 ; *Staples v. Canton,* 69 Mo. 592 ; *Colvin v. Southerland,* 32 Mo. App. 77 ; *Huhn v. Railroad,* 92 Mo. 450 ; *Barry v. Railroad,* 98 Mo. 71 ; *Wagner v. Railroad,* 97 Mo. 523. *Third.* In particular cases much like this the courts have held that the question as to whether the particular act was negligent was for the jury. *Phillips v. Wisconsin, etc., Society,* 60 Wis. 401 ; *Railroad v. Randall,* 50 Tex. 254 ; *Beauchamp v. Mining Co.,* 50 Mich. 163. ( 6 ) Under the evidence the defendant's managers must be held to have been F. E. Short and W. S. Tough. There is no pretense that Short struck the horse. Both Tough and Davidson ( if some evidence is to be believed ) did strike the animal. Davidson was a mere foreman and no evidence as to his duties was offered. The presumption is, therefore, that he was a coemploye of plaintiff. *McGowan v. Railroad,* 61 Mo. 528 ; *Blessing v. Railroad,* 77 Mo. 410, 413 ; *Murphy v. Smith,* 19 C. B. ( N. S.) 361: The damages are excessive. All the testimony as to the extent of the injury will be found in the evidence of Hawes, Dr. Meyers and Dr. Seibert.

*Wm. Rush, Jr.,* and *L. G. Rowell* for respondent.

( 1 ) The objections made to the instructions given for respondent are not well taken. *First.* They do not assume that the horse had a dangerous and vicious character. *Second.* Nor was the question of negligence taken away from the jury upon a disputed state of facts. *Third.* The true rule of damages was laid down for the jury. *Waldhier v. Railroad,* 87 Mo. 37 ; *Tetherow v. Railroad,* 98 Mo. 86. Besides, a party cannot be heard to complain of his adversary's instructions where his own announce the same doctrine. *Crutchfield v. Railroad,* 64 Mo. 257 ; *Davis v. Brown,* 67 Mo. 314 ;

*Loomis v. Railroad,* 17 Mo. App. 353 ; *Holmes v. Braid-wood,* 82 Mo. 615 ; *Noble v. Blount,* 77 Mo. 24 ; *McGon-igal v. Dougherty,* 71 Mo. 265 ; *Reily v. Railroad,* 94 Mo. 610 ; *Railroad v. Armstrong,* 92 Mo. 279. ( 2 ) The appellant complains that the jury were not required to "find from the evidence" some of the facts—that is, that at each step it was not reiterated. We will presume that no juror of average intelligence would fail to understand that the court directed him to be guided by the evidence, although it failed to use that exact expression at each turn. 2 Thompson on Trials, par. 2442 and note 2 ; *Railroad v. Valvey,* 104 Ind. 409 ; *Railroad v. Scott,* 72 Ind. 196 ; *Railroad v. Sykes,* 96 Ill. 162 ; *Railroad v. Morrison,* 18 Am. and Eng. Ry. Cases, 47 ; *Ins. Co. v. Buchanan,* 100 Ind. 63 ; *McD. v. State,* 90 Ind. 320. ( 3 ) The damages were not excessive.

BARCLAY, J.—This action is to recover damages for personal injuries sustained by plaintiff in consequence of alleged negligence of defendant as proprietor of large stock-yards in Kansas City.

Defendant denied all fault and charged contributory negligence upon plaintiff, which the latter denied in his reply.

For the purposes of this appeal it will not be necessary, in the view we take of it, to give more than a bare outline of the case as presented by the record.

Plaintiff's evidence tends to show that he was in defendant's employ about its sale stables and was directed to ride one of its horses for the purpose of exhibiting it to an intending purchaser. The animal was strong and not fully trained. While plaintiff was thus riding it, the defendant's vice-principal negligently struck it with a whip, in consequence of which it got beyond plaintiff's control, ran away and then fell, throwing plaintiff off, injuring him severely and permanently.

The petition alleged that plaintiff was dependent on his manual labor for a livelihood and that, in consequence of the said injury, he had been wholly disabled from performing such labor, and had suffered great bodily anguish and been put to great expense in seeking to be cured, etc., in the sum of $20,000.

The evidence on the issue of his damages tended to prove that his leg had been broken below the knee and his right shoulder bruised and that he was hurt inwardly ; that his spine was injured by concussion and that he had difficulty in discharging the contents of his bladder and bowels ; that he was confined to bed some six weeks after the accident and had been laid up about half the time since; that at that time he was receiving $40 a month as wages ; that the injury to the spine was probably permanent, and that he was disabled from labor and would probably remain so.

The cause was tried with a jury, and a verdict and judgment for plaintiff for $9,000 followed, from which defendant appealed in due course.

The only instruction by the court touching the proper amount of damages to be awarded in event of a verdict for plaintiff was that they then should find for him in such sum as they believed would "compensate him for his injuries, so received, not exceeding the sum of $20,000."

This declaration totally failed to inform the jury of the proper elements of compensation within the meaning of the law. It gave them a roving commission to conjecture the consequences of plaintiff's injuries, however remote, and to apply such measure of compensation therefor as might to them seem appropriate, without reference to the legal rules for determining the limits of such compensation.

What are the proper elements of damage, within the meaning of the law, in a case of this kind, is a question for the court; but the ascertainment of the proper sum to be awarded for them is a question

for the jury.   We think the instruction in this case erroneous.

There being material error in giving it, a new trial should follow, unless it can be affirmatively shown that it was harmless.   The verdict rendered was for $9,000, and no reason has been suggested toward showing that the instruction did not have a bearing on the result. We, therefore, must consider the action of the trial court in the particular mentioned as necessarily prejudicial to the defendant.

Counsel for plaintiff appear to suppose that the instruction mentioned finds support in former decisions of this court; but we do not regard the cases cited as approving it.

In *Waldhier v. Railroad* (1885), 87 Mo. 37, the trial court gave this instruction, viz.:   "5.   The court instructs the jury that if you find for the plaintiff you should assess his damages at such a sum as you may believe him entitled to, but in an amount not exceeding $50,000.   If your verdict is for the plaintiff, in estimating his damages you should take into consideration the nature and extent of his injuries and the pain and suffering, if any, occasioned thereby."

On appeal this court said (referring thereto):  "The fifth instruction, which relates to the measure of damages, is not carefully worded.   The latter part does say that in estimating the damages the jurors should take into consideration the nature and extent of the plaintiff's injuries and the pain and suffering occasioned thereby,   While the instruction does not in express terms confine the compensation to such matters, still we think that is its fair interpretation, and, in view of the facts of this case, it could have been scarcely understood in any other way."

The printed report of this part of that opinion erroneously interpolates a "not" before the word "say" in the second sentence; but, as the original opinion

reads, it affords no precedent for the instruction before us now.    It clearly intimates that, but for the express mention of the proper subjects for consideration by the jury in estimating plaintiff's damages, the instruction ·would have been bad; and that, even as it stood, it was no safe model in other cases.

In *Tetherow v. Railroad* (1888), 98 Mo. 74; 11 S. W. Rep. 310; 14 Am. St. Rep. 617, the circuit court told the jury that if they found for plaintiff they might, in their verdict, "give her such damages, not exceeding $5,000, as you may deem fair and just under the evidence in the case with reference to the necessary injury resulting to her from the death of her husband," which this court approved.    But there the jury, in estimating the damages, were expressly confined to the evidence before them, and the measure of recovery was stated in the very terms of the statute (R. S. 1889, sec. 4427, formerly section 2123, R. S. 1879).    That form of instruction in actions of that nature had been, by clear implication, approved in prior decisions (*Smith v. Railroad* (1887), 92 Mo. 359; *Stoher v. Railroad* (1887), 91 Mo. 509), and we considered it proper to adhere to them as expressing the general current of opinion on the subject.  *City of Chicago v. Major*, 18 Ill. 349; *Railroad v. Keller* (1871), 67 Pa. St. 300; *Railroad v. Barron* (1866), 5 Wall. 90.

As a new trial must be granted for the reasons above indicated, and the other points of exceptions are not likely to recur, we need not discuss them.

The judgment is reversed and the cause remanded, with the assent of the other judges except SHERWOOD, C. J., who will state his views separately.

SEPARATE OPINION.

SHERWOOD, P. J.—I concur in reversing the judgment on the ground stated; but not in remanding the cause.

I believe the judgment should be simply reversed. I say so, because I do not think the facts in evidence constitute any cause of action. Those facts have not been fully set forth in the opinion of the court. I desire that the reporter will fully set out those facts, and, when they are thus set out, they will in my opinion, amply vindicate these views. Everyone accustomed to riding horses, who feels at home in the saddle, knows full well that there is far less danger of injury from an unbroken horse, *when in motion*, than when standing still, or nearly so, he engages in that dangerous performance known as "*bucking.*" Viewed in this light, it seems to me that instead of the striking of the horse with the whip being regarded as a *negligent* act, it should be regarded as one dictated by the plainest principles of practical prudence, forethought and care.

This is conspicuously shown by the facts in evidence ; the striking with the whip proved to be just the thing required when the horse was started up the street on the two previous occasions, and the mere fact that the third time after being struck to make him move on he ran upon the sidewalk as he returned, stumbled, fell and injured his rider, shows *no possible connection* between the *third* blow of the whip and the injury received.

All that you can say about the matter is, that the "horse ran upon the sidewalk, stumbled and fell." Who can say, from the evidence in this record, that he would not have done so, even if not struck with the whip? Unless this can be said, where is your cause of action, or basis of facts for recovery? I must confess I can discover none. For these reasons I do not feel at liberty to concur in remanding the cause.