# WILLIAM PROPHET, Respondent, v. GEORGE KEMPER et al., Appellants.

### Kansas City Court of Appeals, June 2, 1902.

1. **Master and Servant:** KNOWLEDGE OF DEFECTS: CONTRIBUTORY NEGLIGENCE: JURY QUESTION. Mere knowledge of defacts on the part of the servant will not prevent his recovery for injury resulting from such defects unless they are of such a character as to threaten immediate danger and the question of his negligence in using such appliances is for the jury.

2. ————: DEFECTS: NEGLIGENCE: PLEADING. A servant's petition alleged that defendant's tramway, over which it was his duty to push a car, was negligently constructed and then averred that by reason of the track being out of repair it spread and the car left the track and the servant was thrown, etc. *Held*, the court could not hold from the petition that the servant was guilty of contributory negligence, but the question should go to the jury on the evidence.

3. ————: DEFECTS: REPAIRS: CONTRIBUTORY NEGLIGENCE. Where the defects are brought to the master's notice and he promises to repair, the servant may rely thereon and recover for injury resulting for such defects.

4. ————: LINE OF DUTY: CONTRIBUTORY NEGLIGENCE. A servant was pushing a car over defendant's tramway when the track spread and the car left the track and plaintiff held on to a tub thereon and by reason of so holding was thrown and injured. *Held*, that he was in line of his duty.

5. ————: SAFE APPLIANCES: CONTRIBUTORY NEGLIGENCE: INSTRUCTIONS. The duty of the master to furnish safe appliances, together with the question of contributory negligence by the servant, was in this case properly submitted by the instructions and the case was well tried and therefore affirmed.

Appeal from Jasper Circuit Court.—*Hon. J. D. Perkins*, Judge.

AFFIRMED.

*Jas. B. Loyd* for appellants.

(1)   The petition is bad. It shows on its face that plaintiff was guilty of contributory negligence. 5 Ency. Pleading and Practice, pp. 7 and 8, par. 3; Railroad v. Wilson, 134 Ind. 95; Railroad v. Griffin, 100 Ind. 221; Railroad v. Goldsmith, 47 Ind. 43; Fort Wayne v. DeWit, 47 Ind. 391; Riest v. Goshen, 42 Ind. 339; Ream v. Railroad, 49 Ind. 93; Reynolds v. Copeland, 71 Ind. 422.   (2)   If injured party assumes the risk or is guilty of contributory negligence in bringing on the injury, he can not recover, and if this fact is shown by his evidence, the case should be taken from the jury. 1 Bailey on Personal Injuries Relating to Master and Servant, secs. 1123 and 1121; Fugler v. Bothe, 117 Mo. 475; Hurst v. Railroad, 163 Mo. 309; Moore v. Railroad, 146 Mo. 572; Devitt v. Railroad, 50 Mo. 302; Aldridge, Admr., v. Midland Blast Furnace Co., 78 Mo. 559; Flynn v. Union Bridge Co., 42 Mo. App. 529.

*F. M. Cummings* and *Howard Gray* for respondent.

(1)   The refused instructions of the defendants did not declare the law as announced by the courts of this State. Smith v. Coal Co., 75 Mo. App. 177; Devore v. Railroad, 86 Mo. App. 429; Compton v. Railroad, 82 Mo. App. 175; Pauck v. St. Louis Beef Co., 159 Mo. 467.   (2)   The appellants state that the petition in this cause shows on its face plaintiff was guilty of contributory negligence, and cites in support thereof several Indiana cases. These cases, so far as examined, do not sustain appellants, and in any event the petition is sufficient under the decisions of this State. Devore v. Railroad, 86 Mo. App. 429, and cases therein cited.   (3)   It has never been held in this State that the plaintiff need allege that he was not guilty of con-

tributory negligence. This is a defense to be alleged and proved by defendants. Petty v. Railroad, 88 Mo. 306; Thompson v. Railroad, 51 Mo. 190; Loyd v. Railroad, 53 Mo. 509. (4) The court will observe, by reading the answer, that defendants alleged that the track on their tramway had been out of repair for several weeks. This was an admission by pleadings, of the negligence of the defendants.

BROADDUS, J.—The plaintiff recovered judgment against the defendants for injuries received while in their employ, on the ground of alleged negligence, from which defendants have appealed.

The defendants, on the twenty-first day of December, 1900, were mine-operators at Joplin, Missouri, and the plaintiff was in their employ as what was known as a tub-runner. The defendants were hoisting mineral and earth from their shaft about three hundred feet from their mill and concentrating plant. To get the material from the shaft to their mill, they had erected a tramway about twenty feet above the surface of the earth, which was placed upon timber supports, upon which was placed an iron track, over which was operated cars. When the mineral and earth was hoisted from the shaft, it was deposited in tubs upon a car, which car the tub-runner pushed along on the track until the mill was reached, when the said material was dumped into the mill, after which the tub-runner shoved the car back to the shaft for another load. There were two of these tub-runners, who met in their work at a certain point on the tramway, where there was a switch to enable them to pass.

As the defendants contend that the plaintiff's petition does not state a cause of action, and that it shows on its face that he is not entitled to recover as he had full knowledge of the defects in defendant's track which caused the injury, we insert herein the material part of the same, to-wit: "That it was the duty of

the defendants to have furnished this plaintiff a reasonably safe place to work in the performance of the duties aforesaid. Plaintiff further states that said tramway was built in a careless and negligent manner, to-wit: that on the top the same was about four feet in width, and there was no proper guard rails or banisters along the sides thereof to protect the plaintiff from falling from the top of said tramway. Plaintiff further states that in running his tubs from the shaft to said mill the same were placed on a small car, which ran along on the tracks aforesaid, and that the defendants carelessly and negligently constructed said track and permitted the same to become out of repair and dangerous to run the tubs over, that the rails were loose and when said car and tub of dirt were run over the same, said car, on account of the defective construction of said track, and on account of the same becoming out of repair, would leave the same with great force and throw the plaintiff, who had hold of the same, and place him thereby in great danger of being thrown from the top of said tramway to the ground below. That on or about the twenty-first day of December, 1900, and while the plaintiff was in the employ of the defendants as aforesaid, and working on said tramway in the line of his duties, and running tubs of dirt to said mill from said shaft, and at a point about one hundred feet from the shaft, where the track of defendant had become out of repair and spread, the said car, on account thereof, left said track, thereby throwing the tub of dirt he had hold of, off of said car and track and thereby pulling the plaintiff with it and hurling plaintiff from said tramway to the ground with great force,'' etc.

While the petition alleges that the tramway was negligently constructed, the plaintiff does not seek to recover for that reason alone, but also because the track had ''become out of repair,'' which we take to signify that it had become unsafe, and had spread. We

can not see wherein there is anything on the face of the pleading which goes to show a state of facts which would preclude the plaintiff from recovering. It is true there is a statement therein substantially, that on account of the defective construction of the track and because the same was permitted to become unsafe, the cars would leave the track and "throw the plaintiff who had hold of the same and place him thereby in great danger of being thrown from the top of said tramway to the ground below," but we do not understand the pleader to mean to say that the plaintiff had been thrown from the track at any time other than that of which he complains, wherein he was injured, and we take it that it does not amount to such a statement as would authorize the court to hold that he would be precluded from recovering on the ground of his knowledge of the defects of the tramway prior to the time of his injury.

And the rule is too well settled in this State that the mere fact that the servant has knowledge of defective machinery or implements which he uses, will not prevent him from recovering for an injury received by reason of such defects, unless they are of such a character as to threaten immediate danger, "or where it is reasonable to suppose that the appliance may be safely used by the exercise of care and caution." Hamilton v. Mining Co., 108 Mo. 364; Stoddard v. Railroad, 65 Mo. 514; Devlin v. Railroad, 87 Mo. 545. And negligence on the part of the servant does not necessarily arise from a knowledge of the defects of the appliances he may be using, "but it is a question of fact to be determined from such knowledge and other circumstances in evidence." Huhn v. Railroad, 92 Mo. 440; Devlin v. Railroad, supra; Thorpe v. Railroad, 89 Mo. 650; Dale v. Railroad, 63 Mo. 455; Soeder v. Railroad, 100 Mo. 673.

The question of whether the plaintiff was guilty of contributory negligence is held, under the allega-

tions of the petition, not to be a question of law, but a question of fact under the evidence, to be determined by the jury under proper instruction. Because the tramway was on an elevation of twenty feet above the surface of the earth made no difference—the attraction of gravitation did not produce the injury, but it is alleged to have been caused by the defective condition of the track. It was practically as safe to have worked upon this elevation as nearer the surface of the earth, if proper precaution had been taken. The position taken by the defendants on this contention, would have the effect of doing away with negligence in all cases when the work in which the servant is engaged is above the level of the surface of the earth to any considerable extent. The proposition is self-refuting.

The evidence on the part of the plaintiff going to support his case, was that the track was in bad condition for some time previous to the accident, and that the defendants knew such to be the case, and that they, or their agents, had told him that they would repair it. The evidence tends, in a general way, to prove that the plaintiff was relying on them to repair the track. This he had the right to do. In Holloran v. Iron Foundry Co., 133 Mo. 470, it is announced as a well-settled rule in this State "that notwithstanding the defect or risk is brought to the knowledge of the employee, yet if he reports it to his employer, and the master promises to repair the defect or remove the danger, the servant can recover for an injury caused thereby," etc. See Nash v. Dowling, 93 Mo. App. 156.

It was shown that while plaintiff was running one of the cars with a loaded tub, the car jumped the track, which caused the tub to fall off in front of the car on the tramway; that the plaintiff saw what was happening, in order to prevent the tub from falling from the car, tried to hold it on, but the weight of the tub was sufficient to resist his efforts in that respect, and he

was pulled or thrown over the car by the falling of
the tub and landed on the ground twenty feet below,
and was somewhat severely injured. It is one of de-
fendants' contentions that the plaintiff was guilty of
negligence in trying to prevent the tub from falling
from the car, and that if he had let loose in time, or
had not attempted to hold the tub on the car, he would
not have been injured. Judging by the facts of the
case, we believe that the plaintiff was in the discharge
of his duty if he was making a reasonable effort to pre-
vent the tub from falling from the car, and it does not
comport with good faith for the defendant to urge the
sacrifice plaintiff made in the effort to more than do
his duty to protect their interest, as a ground against
his right to recover.

The defense made here is somewhat unusual, for
defendants admit that their tramway was out of repair
and that they permitted it to be used, knowing it was
unsafe and dangerous, and rely upon such facts to
shield them from responsibility. They invoke the
strict letter of the law, which is every man's privilege,
but it is also the law that where the servant has been
injured by reason of the failure of the master to pro-
vide a reasonably safe place for him to work or with
reasonably safe appliances with which to labor, the
master is liable for an injury to the servant caused by
failure of the master to perform his duty in that re-
spect; and in order to avoid this responsibility, the
master is required to show that notwithstanding he
himself was in fault, the negligence of the servant con-
tributed to the injury. This view of the case was
clearly put before the jury by careful and elaborate in-
structions by the court. Every phase of the case for
both sides was well and fully presented to the jury by
instructions. The two instructions offered by the de-
fendants and refused by the court, were properly re-
fused.

The cause is affirmed. All concur.